**Sam G. BROWN, Appellant,**

v.

**George O. LETHERT, District Director of Internal Revenue, Appellee.**

**No. 18183.**

United States Court of Appeals
Eighth Circuit.

May 18, 1966.

Joe A. Walters, of O'Connor, Green, Thomas, Walters & Kelly, Minneapolis, Minn., made argument for appellant and filed brief with Robert J. Christianson, Jr., and Jean J. Chaput, Minneapolis, Minn.

Mark S. Rothman, Atty., Dept. of Justice, Washington, D. C., made argument for appellee and C. Moxley Featherston, Acting Asst. Atty. Gen., Lee A. Jackson, Fred R. Becker, and Deene R. Goodlaw, Attys., Dept. of Justice, Washington, D. C., together with Miles W. Lord, U. S. Atty., and Stanley H. Green, Asst. U. S. Atty., Minneapolis, Minn., filed brief.

Before MATTHES and GIBSON, Circuit Judges, and HUNTER, District Judge.

MATTHES, Circuit Judge.

Sam G. Brown, hereinafter referred to as appellant, instituted this action in the United States District Court to enjoin the collection of additional income taxes for the years 1952, 1953 and 1954. The district court (Honorable Edward J. Devitt), after a hearing, concluded that it lacked jurisdiction to grant the injunction, and dismissed the complaint for failure to state a claim upon which relief could be granted. Appellant has appealed from the judgment of dismissal. We concur in the court's conclusion and affirm.

The sole question for determination is whether the Commissioner of Internal Revenue, acting through the District Director of Internal Revenue, District of Minnesota, appellee, complied with the statute requiring notice of the determined deficiencies in appellant's income tax for the years in question.

Section 6212(a) of the Internal Revenue Code of 1954, as amended, (26 U.S. C.A. § 6212(a)), provides that if the Secretary or his delegates determine that there is a deficiency in respect of any income tax, he is authorized to send notice of such deficiency to the taxpayer by certified or registered mail; that notice of deficiency in respect of an income tax, if mailed to the taxpayer at his last known address, shall be sufficient.

Under § 6213(a) of the 1954 Code (26 U.S.C.A. § 6213(a)), appellant had ninety days after the notice of deficiency authorized in § 6212 was mailed, to file a petition with the Tax Court for a redeter-mination of the deficiencies. Section 7421 of the 1954 Code (26 U.S.C.A. § 7421) provides: "Except as provided in sections 6212(a) and (c) and 6213(a), no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court."

The facts are undisputed and establish that notice of the determined deficiencies was sent by certified mail on October 20, 1961, to appellant's home at 4820 Williston Road, Hopkins, Minnesota (concededly appellant's proper address). An employee of the United States Post Office attempted to deliver the notice but could find no one at the address and delivery was not completed. According to normal post office procedure, the employee left a slip in appellant's mail box requesting him to call for the certified mail. There was no response to this request. Thereafter, the certified letter was returned to appellee unopened and marked "Unclaimed". Appellant did not receive the certified letter notifying him of the determined deficiencies and did not file petition with the Tax Court within ninety days of the date the notice was mailed.

Appellee, proceeding under § 6213(c) of the 1954 Code (26 U.S.C.A. § 6213(c)), assessed the deficiencies on February 16, 1962, for the three years in the total amount of $19,736.95. Efforts to collect the deficiencies prompted appellant to bring this action to enjoin the collection.

Appellant concedes here, as he did in the district court, that the notice of the determined deficiencies was sent to him by certified mail. He contends, however, that such mailing did not constitute the giving of notice as contemplated by law. Appellant's theme, in effect, proposes the theory that the return of the certified letter created a duty on the part of the appellee "to find some other means of giving notice or sending certified letters until he is sure that the taxpayer has been notified." Having thus reasoned that a breach of this duty rendered the notice inadequate, appellant argues that the statutory bar to the granting of injunctive relief, § 7421(a), supra, has been removed.

**562**

Appellant's position is contrary to the plain and meaningful provisions of the applicable statutes, discussed, supra, and has been soundly rejected by the courts. Cohen v. United States, 297 F.2d 760, 772 (9 Cir. 1962), cert. den. 369 U.S. 865, 82 S.Ct. 1029, 8 L.Ed.2d 84; Luhring v. Glotzbach, 304 F.2d 556, 558–559 (4 Cir. 1962); Boccuto v. Commissioner, 277 F.2d 549 (3 Cir. 1960); Williams v. United States, 264 F.2d 227 (6 Cir. 1959), cert. den., 361 U.S. 862, 80 S.Ct. 118, 4 L.Ed.2d 102; Pfeffer v. Commissioner, 272 F.2d 383 (2 Cir. 1959); Dolezilek v. Commissioner, 94 U.S.App.D.C. 97, 212 F.2d 458 (1954); Commissioner v. Rosenheim, 132 F.2d 677 (3 Cir. 1942); Ryan v. Alexander, 118 F.2d 744 (10 Cir. 1941), cert. den., 314 U.S. 622, 62 S.Ct. 72, 86 L.Ed. 500. See, Anno. 24 ALR 2d 800.

Thus, in *Luhring*, the court stated:

"The statute, however, does not require service of actual notice upon the taxpayer but merely the mailing of the notice to him by certified or registered mail at his last known address. * * * No one questions the power of Congress to make this provision in consideration of the administrative difficulties involved in the discharge of the Commissioner's duties * * *."

The Ninth Circuit recognized the same rule in *Cohen*, stating:

"We think it clear that the Congress when it 'authorized' service by registered mail, did not intend to require actual receipt by the addressee of the letter. Rather, it permitted the use of a method of giving notice that would ordinarily result in such receipt."

■ It is an undisputed fact that the appellee mailed the notice of deficiency by certified mail in full compliance with the statute. There is, therefore, no basis for injunctive relief. See, Enochs v. Williams Packing & Nav. Co., 370 U.S. 1, 82 S.Ct. 1125, 8 L.Ed.2d 292 (1962); and cf., Flora v. United States, 357 U.S. 63, 78 S.Ct. 1079, 2 L.Ed.2d 1165 (1958).

■ The failure of the appellant to receive actual notice or to seek timely review of the assessment by the Tax Court is not relevant. Appellant is not without adequate remedy nor is he deprived of his constitutionally protected right of due process. Phillips v. Commissioner, 283 U.S. 589, 596, 51 S.Ct. 608, 75 L.Ed. 1289 (1931). He can pay the additional amount assessed, file a claim for refund and, if the claim is denied, institute an action in the United States District Court under § 7422 of the 1954 Code (26 U.S.C.A. § 7422) for recovery of any amount paid in excess of the lawful tax.

We affirm.