BARBARA GRAHAM, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Graham v. Commissioner
Docket No. 1121-74 S.
United States Tax Court
T.C. Memo 1975-59; 1975 Tax Ct. Memo LEXIS 313; 34 T.C.M. (CCH) 329; T.C.M. (RIA) 750059; March 17, 1975, Filed Barbara Graham, pro se. Edward J. Roepsch, for the respondent. GOFFE
MEMORANDUM OPINION
GOFFE, Judge: Respondent filed a motion to dismiss the above-entitled case on the ground that the petition was not filed within the 90-day period prescribed by law. Petitioner filed objections and a hearing on the motion was held at Omaha, Nebraska, on September 16, 1974, Petitioner Barbara Graham, appearing pro se. The petition was received by the Court on February 15, 1974, which was 337 days after the mailing of the statutory notice of deficiency, March 15, 1973. The statutory notice of deficiency covering the taxable *314 year 1971, was mailed to petitioner at 1207 East 5th, Grand Island, Nebraska, which was the address shown on petitioner's income tax return for 1971. Petitioner points out that the original notice of deficiency was returned to the Commissioner and she never received the notice of deficiency, all of which deprives her of due process. Petitioner, at the date of mailing of the statutory notice of deficiency, resided at 4503 South 21st Street, Omaha, Nebraska. Respondent proved that the audit of petitioner's return for 1971 was a correspondence audit. The Internal Revenue Service mailed initial correspondence to petitioner at the address in Grand Island, Nebraska shown on her income tax return for 1971. No reply was received, nor was the letter returned unclaimed. The Internal Revenue Service mailed a letter proposing adjustments to her return for 1971 to the address shown on her 1971 return which was returned by the post office on February 1, 1973, indicating petitioner had moved and left no forwarding address. On February 2, 1973, the Internal Revenue Service wrote two of petitioner's employers during 1971 requesting her mailing address. One employer responded by furnishing the address *315 shown on petitioner's 1971 income tax return in Grand Island, Nebraska and the other employer indicated an address at 4210 South 23rd, Omaha, Nebraska 68107. On February 7, 1973, the Internal Revenue Service mailed a letter to petitioner at 4210 South 23rd, Omaha, Nebraska 68107, which was returned by the post office on February 13, 1973 indicating that the addressee was not known at that address. On March 2, 1973, the Internal Revenue Service mailed by certified mail to petitioner at the address shown on her income tax return for 1971, a letter advising her of the proposed adjustments to her return for 1971 and that letter was returned by the post office indicating that petitioner had moved and left no address. On March 15, 1973, the Internal Revenue Service mailed a statutory notice of deficiency covering the taxable year 1971, by certified mail to petitioner at the address shown on her income tax return for 1971 which was returned by the post office on March 19, 1973, indicating that petitioner moved and left no forwarding address. After the expiration of 90 days from the mailing of the statutory notice of deficiency the Internal Revenue Service *316 transmitted its file on petitioner's proposed income tax deficiency to the Ogden, Utah, Service Center for assessment of the tax. The service center billed petitioner for the additional tax assessed for 1971 and upon receipt of the bill she directed an inquiry to the service center, the response to which she filed with her petition herein. At the hearing on the motion petitioner testified that she left a forwarding address with the post office in Grand Island when she moved to Omaha in 1972 and we held the record open until October 16, 1974 to permit her to submit such evidence. The post office in Grand Island advised petitioner that it inadvertently destroyed its change of address file for 1972. There is no evidence that petitioner advised the Internal Revenue Service of her change of address from Grand Island to Omaha prior to the mailing of the statutory notice of deficiency on March 15, 1973. The statutory notice of deficiency, to be valid, must be mailed to the taxpayer's last known address. Sec. 6212(b), Internal Revenue Code of 1954. The "last known address" is the address shown on the taxpayer's income tax return unless the Internal Revenue Service *317 learns or is advised by the taxpayer of a different address. For petitioner to demonstrate that the statutory notice of deficiency was invalid because it was mailed to the wrong address, she must show that she sent a clear and concise notification to the Internal Revenue Service of her change of address. Langdon P. Marvin, Jr.,40 T.C. 982 (1963). This, petitioner did not do. The Internal Revenue Service attempted to locate petitioner through former employers but to no avail. Although the Commissioner was aware that the statutory notice was not delivered to petitioner, he acted in good faith and mailed it to her last known address and the statutory notice was, therefore, valid. Abraham Goldstein,22 T.C. 1233 (1954). Receipt of the statutory notice by the taxpayer is not required for the notice to be valid. Jack D. Houghton,48 T.C. 656 (1967); Brown v. Lethert,360 F.2d 560 (C.A. 8, 1966); Cohen v. United States,297 F.2d 760 (C.A. 9, 1962); Luhring v. Glotzbach,304 F.2d 556 (C.A. 4, 1962). If we were to hold that the statutory notice of deficiency was invalid, *318 the Commissioner could issue another statutory notice because the 3-year period within which he can issue such a notice does not expire until April 15, 1975. The failure of the petitioner to receive the statutory notice of deficiency does not deprive her of her constitutional protected right of due process. Phillips v. Commissioner,283 U.S. 589, 596 (1931); Brown v. Lethert, supra. She can pay the additional tax assessed, file a claim for refund and if that claim is denied, institute a suit in the District Court under section 7422 of the Internal Revenue Code of 1954 for refund of any tax paid in excess of the amount legally due. Because the statutory notice was valid, the petition was untimely because it was filed more than 90 days after the mailing of the statutory notice of deficiency and we, therefore, have no jurisdiction. An appropriate order will be entered dismissing the case for lack of jurisdiction.