HAROLD H. HARRISON AND SYLVIA C. HARRISON, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Harrison v. Commissioner
Docket No. 11678-77.
United States Tax Court
T.C. Memo 1979-45; 1979 Tax Ct. Memo LEXIS 481; 38 T.C.M. (CCH) 180; T.C.M. (RIA) 79045; January 31, 1979, Filed Martin P. Miller, for the petitioners. Elizabeth DePriest, for the respondent. DAWSON
MEMORANDUM OPINION DAWSON, Judge: This case was assigned to Special Trial Judge Francis J. Cantrel for the purpose of conducting the hearing and ruling on petitioners' motion to amend petition (embodying amendment). After a review of the record, we agree with and adopt his opinion which is set forth *482 below. [1]
OPINION OF THE SPECIAL TRIAL JUDGE CANTREL, Special Trial Judge: Respondent determined deficies in petitioners' Federal income taxes as follows: Year
Deficiency
1963 $ 849.75
1964
1,089.67
1965
876.77
1966
1,112.56
1967
1,458.90
1968
1,603.45
1969
1,696.04
1970
1,399.71
The procedural sequence of events resulting in the instant case began with the mailing of the notice of deficiency to petitioners on September 8, 1977. On November 25, 1977, petitioners timely filed their petition with this Court, in response to which respondent timely filed his answer on January 9, 1978. On May 2, 1978, petitioners filed the motion to amend petition (embodying amendment) herein under consideration. Therein they seek to bring into this case for the first time the taxable *483 years 1972, 1973, and 1974. Attached to that motion is a copy of a notice of deficiency addressed to petitioners at their correct address. While the day of the month is unclear the following clearly appears on said notice "APR 1977". In that notice respondent determined the following deficiencies in petitioners' Federal income taxes: Year
Deficiency
1972
$ 1,244.54
1973
972.52
1974
246.97
In their motion and in an affidavit filed on June 5, 1978, petitioners urge upon us that they should be allowed to amend their petition to include the taxable years 1972 to 1974, inclusive, in the present case for the follwoing reasons: [2] (1) They were not advised that a notice of deficiency had been mailed to them for the years 1972, 1973, and 1974 until on or about April 13, 1978; (2) they are absolutely certain they did not receive the original or a copy of the notice of deficiency for 1972, 1973, and 1974 until a copy of same was mailed to them on or about April 13, 1978; (3) that a fire occurred in the U.S. Post Office at Canyon Creek, Montana, which serves the residence of petitioners on or about the date the notice was issued and there is a reasonably good chance *484 that the notice to petitioners was consumed in the fire and, thus, not delivered to them; (4) that the issues for 1972, 1973, and 1974 are the same as those for the years 1963 to 1970, and (5) no prejudice will inure to respondent if petitioners are allowed to include the years 1972, 1973, and 1974 in this case; equity and justice would so dictate that such be done. At the hearing counsel for respondent argued that petitioners' motion should be denied for the reason that the Court has no jurisdiction over the years 1972, 1973, and 1974. At that time the Court received into evidence exhibit A, a Post Office Form 3877, which is a certified mail listing indicating that a notice of deficiency had been issued to petitioners for the years 1972, 1973, and 1974 on April 26, 1977. Since that document bore no U.S. postmark stamp date thereon, the Court requested respondent's counsel to supply it with a copy of said form that did have such stamp thereon. Such a copy was transmitted to the Court and it has been substituted *485 in the place and stead of the Post Office form received at the hearing. Section 6212 [3] permits the respondent to send a notice of deficiency in respect to an income tax deficiency to a taxpayer by certified or registered mail at his last known address. If the notice is mailed to the taxpayer at his last known address it shall be sufficient even if such taxpayer is deceased or under a legal disability. The statute makes no reference to "receipt" by a taxpayer of a notice of deficiency. Proper mailing to the taxpayer's last known address is the requirement. See Houghton v. Commissioner,48 T.C. 656, 660 (1967); Brown v. Lethert,360 F.2d 560 (8th Cir. 1966); Cohen v. United States,297 F.2d 760 (9th Cir. 1962); and Luhring v. Glotzbach,304 F.2d 556 (4th Cir. 1962). In the case at bar respondent by certified mail on April 26, 1977, mailed to petitioners at their correct address, Canyon Creek, Montana, a notice of deficiency determining therein income tax deficiencies for the taxable years 1972, *486 1973, and 1974. In the ordinary course of business respondent uses the mail to give such notice and, if he follows the procedure set forth in section 6212, his position is protected, regardless of whether the taxpayer in fact receives the notice of deficiency. Cataldo v. Commissioner,60 T.C. 522 (1973), affd. per curiam 499 F.2d 550 (2nd Cir. 1974); Delman v. Commissioner,384 F.2d 929, 933, 934 (3d Cir. 1967), affg. a Memorandum Opinion of this Court, cert. denied 390 U.S. 952 (1968); DeWelles v. United States,378 F.2d 37 (9th Cir. 1967); Luhring v. Glotzbach,supra;Houghton v. Commissioner,supra.[4] "This Court simply requires the respondent to establish his procedure for the mailing of such notices and to introduce evidence showing that such procedure was followed in the case before it." Cataldo v. Commissioner,supra. Here, the record clearly discloses that respondent established the procedure for the mailing of the notice to petitioners and introduced evidence showing that such procedure was followed. *487 Section 6213(a) provides in pertinent part as follows: Within 90 days, * * *, after the notice of deficiency is mailed (not counting Saturday, Sunday, or a legal holiday in the District of Columbia as the last day), the taxpayer may file a petition with the Tax Court for a redetermination of the deficiency. * * * The requirement that a petition must be timely filed in this Court is a jurisdictional requirement that cannot be extended. Estate of Moffat v. Commissioner,46 T.C. 499 (1966). Respondent, pursuant to section 6212, mailed the notice of deficiency pertaining to the taxable years 1972, 1973, and 1974 to petitioners on April 26, 1977. The 90th day thereafter was Monday, July 25, 1977. Even if we filed the motion under consideration as of the date received as a petition for the taxable years 1972, 1973, and 1974 it would be over nine months late. [5]
*488 In these circumstances we simply have no jurisdiction over the taxable years 1972, 1973, and 1974, [6] notwithstanding petitioners' plea that we exercise equitable powers. Where the provisions of the statute and judicial precedents are clear, as here, we must follow them. Petitioners' motion to amend petition will be denied. An appropriate order will be issued.
Footnotes
1. The Court has concluded that the post-trial procedures of Rule 182, Tax Court Rules of Practice and Procedure, are not applicable in the present circumstances. This conclusion is based on the authority of the "otherwise provided" language of that rule. The parties were afforded a full opportunity to present their views on the law at the hearing on June 7, 1978.↩
2. The affidavit was filed in lieu of personal appearance at the hearing. Petitioners' counsel was not able to appear at the hearing as he was undergoing surgery.↩
3. All statutory references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩
4. See also DeLuca v. Walters, an unpublished opinion ( D.C.Mass. 1974, 75-1 USTC par. 9109, 35 AFTR 2d 75-481); and Karmazin v. Commissioner,T.C. Memo. 1976-262↩.
5. For the taxable years 1963 to 1970, which years petitioners now have properly pending before the Court in this case, respondent has determined that amounts received by Sylvia Harrison from her former husband, Arthur B. Hayutin, constitute alimony income and are includible in her gross income under section 71. It appears that the alimony issue, concerning Sylvia Harrison and her former husband, has heretofore been before this Court and disposed of on its merits. Hayutin v. Commissioner,T.C. Memo. 1972-127, affd. 508 F.2d 462↩ (10th Cir. 1974). Petitioners advise that the same determinations have been made by respondent in the notice of deficiency issued to them for the taxable years 1972, 1973, and 1974. This case, while not consolidated with, is grouped with two Hayutin cases on the Court's March 5, 1979, Denver, Colorado, Trial Session. The two latter cases include as a party Sylvia Harrison's former husband and in one of those cases (Docket No. 1239-78) the alimony issue is before the Court for the taxable years 1972, 1973, and 1974.
6. It appears further, notwithstanding the facts extant in this record, that petitioners could pay the income tax deficiencies determined to be due by respondent for 1972, 1973, and 1974 and file a claim for refund of those taxes with the Internal Revenue Service. If that claim is disallowed they can then file a suit for refund of those taxes either in a U.S. District Court or the U.S. Court of Claims at Washington, D.C.↩