**Jo Ann MORSE, Appellant,**

v.

**INTERNAL REVENUE SERVICE, Paul D. Williams, Joe Woolsey and Gus McClanahan, Appellees.**

No. 80–1283.

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 10, 1980.

Decided Dec. 16, 1980.

Ball & Mourton, Deborah Wikstrom, Fayetteville, Ark., for appellant.

M. Carr Ferguson, Asst. Atty. Gen., Gilbert E. Andrews, Daniel F. Ross, Kristina E. Harrigan, Attys., Tax Division, Dept. of Justice, Washington, D. C., for appellees.

Before BRIGHT and STEPHENSON, Circuit Judges, and LARSON, Senior District Judge.[*]

BRIGHT, Circuit Judge.

I. *Background.*

Jo Ann Morse brought this action in federal district court to enjoin the collection of

---

* EARL R. LARSON, United States Senior District Judge, District of Minnesota, sitting by designation.

$18,416.35 in income tax deficiencies assessed by the Internal Revenue Service for the tax years 1973, 1974, and 1975. The Government moved to dismiss her action for lack of subject matter jurisdiction, arguing that section 7421 of the Internal Revenue Code of 1954, commonly known as the "Anti–Injunction Act," barred the relief she sought. See I.R.C. § 7421.

The district court[1] dismissed the suit for lack of subject matter jurisdiction, and Morse appeals contending that her action falls within a statutory exception to the Act that permits injunctive relief if the IRS fails to give the taxpayer adequate notice of the assessed deficiencies. See I.R.C. § 6213(a). On this issue, she questions (1) whether a notice of deficiency sent by certified mail to a taxpayer's last known address, but never received and returned undelivered, provides adequate notice within the meaning of sections 6901 and 6212 of the Internal Revenue Code; and (2) if so, whether that notice procedure denies a taxpayer due process of law under the fifth amendment to the United States Constitution. We determine the IRS's notice procedure to be adequate under the Code and the Constitution and, therefore, affirm the district court's dismissal of Morse's suit.

II. *Discussion.*

A. *Adequacy of Notice Under the Code.*

The IRS predicated Morse's liability on section 6901 of the Code, which governs transferees' liability for taxes of their transferors.[2] Section 6901(g) sets forth the procedure for effecting notice of liability to transferees:

[A]ny notice of liability enforceable under this section required to be mailed to such person, shall, if mailed to the person subject to the liability at his last known address, be sufficient for purposes of this title, even if such person is deceased, or is under a legal disability, or, in the case of a corporation, has terminated its existence.

In this case, the IRS sent to Jo Ann Morse by certified mail a statutory notice of deficiency advising her that, as transferee of the Bonanza Real Estate Company, she was liable for income taxes that Bonanza owed for the taxable years 1973, 1974, and 1975.[3] The notice was sent on December 29, 1978, in an envelope bearing Morse's correct name and address. On January 17, 1979, this envelope was returned to the IRS, marked "Unclaimed." Attached to the returned envelope was a postal form marked "12–30–78 1st Notice," indicating that notice had been left at the address marked on the front of the envelope. Morse, however, asserts that she never received notice of any kind from the Postal Service that delivery had been attempted or advising her to pick up any mail at the postoffice.

Morse argues that section 6901(g) requires actual receipt of the deficiency notice because the purpose of the Code's notice provisions is to give the taxpayer an opportunity to contest the proposed deficiency in Tax Court before final assessment and collection of the tax. She concedes that this court has twice before considered whether the Code requires actual receipt of a deficiency notice and has held that the statute requires only a showing of proper mailing, not actual receipt. *United States v. Ahrens*, 530 F.2d 781 (8th Cir. 1976); *Brown v. Lethert*, 360 F.2d 560 (8th Cir. 1966). She claims, however, that these cases can be

1. The Honorable Paul X Williams, Chief Judge, United States District Court for the Western District of Arkansas.

2. Section 6901(a) states that a transferee's liability

shall, except as hereinafter in this section provided, be assessed, paid, and collected in the same manner and subject to the same provisions and limitations as in the case of the taxes with respect to which the liabilities were incurred:

(1) *Income, Estate, and Gift Taxes.–*
   (A) *Transferees.–*The liability, at law or in equity, of a transferee of property–
   (i) of a taxpayer in the case of a tax imposed by subtitle A (relating to income taxes) [.]

3. Section 6212(a) authorizes the Secretary of the Treasury to notify a taxpayer by registered or certified mail that a tax deficiency has been determined against the taxpayer. I.R.C. § 6212(a).

distinguished on their facts. In *Ahrens* there was evidence that the taxpayer had received his notice of deficiency, and in *Brown* there was proof that the taxpayer had ignored a slip from the Postal Service notifying him of mail that he should pick up at the postoffice. In her case, by comparison, there exists no evidence that she received or avoided receipt of notice; she would attribute fault to the Postal Service.

Although factually different from *Ahrens* and *Brown*, this case is not legally distinguishable, for in those cases we characterized as "irrelevant" that taxpayers Ahrens and Brown did not receive actual notice. *United States v. Ahrens*, 530 F.2d at 785; *Brown v. Lethert*, 360 F.2d at 562. Both the plain meaning of section 6901(g) and the purposes of the Anti–Injunction Act require us to reject Morse's contention that she failed to receive adequate notice under the provisions of the Code. *See Bob Jones University v. Simon*, 416 U.S. 725, 736–37, 94 S.Ct. 2038, 2045–46, 40 L.Ed.2d 496 (1974) (purpose of Act is to protect the Government's ability to assess and collect taxes with a minimum of pre–enforcement judicial interference).

B. *Validity of Notice Provisions Under the Due Process Clause.*

Morse also argues that, "Notice which has been mailed to the taxpayer, but returned undelivered, is not meaningful notice as required by Due Process." We rejected a similar contention in *Brown* :

> The failure of the appellant to receive actual notice or to seek timely review of the assessment by the Tax Court is not relevant. Appellant is not without adequate remedy nor is he deprived of his constitutionally protected right of due process. *Phillips v. Commissioner*, 283 U.S. 589, 596, 51 S.Ct. 608, 75 L.Ed. 1289 (1931). He can pay the additional amount assessed, file a claim for refund and, if the claim is denied, institute an action in the United States District Court under § 7422 of the 1954 Code (26 U.S. C.A. § 7422) for recovery of any amount paid in excess of the lawful tax. [*Brown v. Lethert, supra*, 360 F.2d at 562.]

Morse seeks to avoid the impact of this precedent by contending that the concept of due process has changed since *Brown* so that actual notice is now required. After examining the due process cases cited by Morse, we conclude that her argument lacks serious merit. *See Phillips v. Commissioner*, 283 U.S. 589, 51 S.Ct. 608, 75 L.Ed. 1289 (1931); *Brown v. Lethert, supra*, 360 F.2d at 562.

Accordingly, we affirm.