RONALD HAMILTON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Hamilton v. Commissioner
Docket No. 15647-91
United States Tax Court
T.C. Memo 1992-265; 1992 Tax Ct. Memo LEXIS 291; 63 T.C.M. (CCH) 2942; May 11, 1992, Filed *291 An order will be entered dismissing this case for lack of jurisdiction on the ground that the petition was not timely filed. Mary E. Dean, for respondent. PAJAK
PAJAK
MEMORANDUM OPINION PAJAK, Special Trial Judge: This case was heard pursuant to the provisions of section 7443A(b)(3) and Rules 180, 181, and 182. Unless otherwise indicated, all section numbers refer to the Internal Revenue Code for the taxable year in issue, and all Rule numbers refer to the Tax Court Rules of Practice and Procedure. This case is before the Court on respondent's motion to dismiss for lack of jurisdiction. Petitioner filed an objection to respondent's motion. Petitioner failed to appear for the evidentiary hearing on respondent's motion. The sole issue for decision is whether the notice of deficiency for 1988 was mailed to petitioner's "last known address" within the meaning of section 6212(b). For convenience, we have combined the findings of fact and opinion. Petitioner resided in Bloomington, Minnesota, at the time he filed his petition. It is well settled that to maintain an action in this Court there must be a valid notice of deficiency and a timely filed petition. Monge v. Commissioner, 93 T.C. 22, 27 (1989); *292 Abeles v. Commissioner, 91 T.C. 1019, 1025 (1988). The Commissioner is authorized to send a notice of deficiency by certified or registered mail once she determines there is a deficiency in tax. Sec. 6212(a). Mailing of the notice of deficiency to the taxpayer's last known address shall constitute sufficient notice. Sec. 6212(b)(1). Once this notice has been mailed, the taxpayer has 90 days (150 days if addressed to a person outside the United States) in which to file a petition with this Court. Sec. 6213(a). It is well settled that a notice of deficiency is valid even if it is not received. Tadros v. Commissioner, 763 F.2d 89, 91 (2d Cir. 1985), affg. an unpublished Order of this Court; Luhring v. Glotzbach, 304 F.2d 556, 558 (4th Cir. 1962); Zenco Engineering Corp. v. Commissioner, 75 T.C. 318, 321-322 (1980), affd. without published opinion 673 F.2d 1332 (7th Cir. 1981). Due to the administrative burdens of the Internal Revenue Service (IRS), Congress did not intend to require actual notice. Rather, it permitted the use of a method that would ordinarily result in such notice. *293 Brown v. Lethert, 360 F.2d 560, 562 (8th Cir. 1966). The statute is satisfied as long as the notice of deficiency is mailed to the taxpayer's "last known address". Tadros v. Commissioner, supra.
A statutory notice of deficiency for 1988 was mailed to petitioner on December 12, 1990. Petitioner's petition was not filed with this Court until July 15, 1991, which was not a legal holiday in the District of Columbia. The petition is untimely because it was filed after the expiration of the 90-day period after the issuance of the notice of deficiency. Accordingly, this case must be dismissed. If respondent issued a valid notice of deficiency, the petition must be dismissed for lack of jurisdiction as untimely. However, if jurisdiction is lacking because of respondent's failure to issue a valid notice of deficiency, we will dismiss the case on that ground. Pietanza v. Commissioner, 92 T.C. 729, 735-736 (1989), affd. without published opinion 935 F.2d 1282 (3d Cir. 1991). Sometime after February 1, 1989, petitioner filed his 1988 Federal income tax return with the Andover Service Center. Petitioner's *294 address, as indicated on his 1988 Federal income tax return, was 185 Mt. Hope Avenue, Rochester, New York. Petitioner was evicted from this address on or about July 27, 1989. After his eviction, petitioner did not advise the IRS of a change of address, nor was a change-of-address form submitted to the Postal Service. Petitioner states that on August 8, 1989, he submitted a Form W-4 to his employer headquartered in Minneapolis, Minnesota. There is no Form W-4 in the record. On April 24, 1990, a decision was entered by this Court with respect to petitioner's 1986 tax year based upon the stipulation of the parties. Petitioner's address was shown as Eden Prairie, Minnesota, in the stipulation portion of the decision. The statutory notice of deficiency was mailed to petitioner's Rochester, New York, address on December 12, 1990. Since petitioner left no forwarding address, the notice of deficiency was returned to the IRS. Petitioner filed his 1989 Federal income tax return on December 27, 1990, which is 15 days after the 1988 notice of deficiency was mailed. Thus, any address on that 1989 return is not relevant to the issue before the Court. A taxpayer, contending that a deficiency *295 notice has been mailed to the wrong address, has the burden of proof to show that he furnished the IRS with "clear and concise notification" concerning his change of address. Rule 142(a); Alta Sierra Vista, Inc. v. Commissioner, 62 T.C. 367, 374 (1974), affd. without published opinion 538 F.2d 334 (9th Cir. 1976). Petitioner contends that the IRS was given notice of his change of address because a Form W-4 had been submitted to his employer on August 8, 1989. Because W-4 Forms are for the employer's benefit and normally not sent to the IRS, we find that they do not satisfy the "clear and concise notification" standard. Pugsley v. Commissioner, 749 F.2d 691, 693 n.1 (11th Cir. 1985), affg. an unpublished Order of this Court. See sec. 31.3402(f)(2)-1(g), Employment Tax Regs.
Petitioner further asserts that the IRS must have been made aware of his change in address because this Court entered a decision with respect to his 1986 tax year, on April 24, 1990, which indicated petitioner's address was Eden Prairie, Minnesota. There is no evidence that respondent's counsel, with respect to petitioner's 1986 tax year, had any involvement *296 in the audit of petitioner's 1988 tax year by the Andover Service Center, which mailed the 1988 notice of deficiency to petitioner. As we stated in Spencer v. Commissioner, T.C. Memo. 1989-443, "We thus refuse to impute the knowledge of the Chief Counsel's Office of [one address for 1986] to respondent in the issuance of the later notice of deficiency [to another address for 1988]." We therefore conclude that the 1988 notice of deficiency was valid and properly sent to petitioner's last known address within the meaning of section 6212(b). We hold that petitioner's petition was not timely filed within the meaning of section 6213(a). Accordingly, respondent's motion to dismiss for lack of jurisdiction will be granted. Petitioner is not without a remedy. Petitioner may pay the tax, file a claim for refund, and, if the claim is disallowed, file a refund suit in the United States District Court or the United States Claims Court. Sec. 7422; Brown v. Lethert, 360 F.2d 560, 562 (8th Cir. 1966). An order will be entered dismissing this case for lack of jurisdiction on the ground that the petition was not timely filed *297 .