United States Court of Appeals
Fifth Circuit

**F I L E D**

April 5, 2007

Charles R. Fulbruge III
Clerk

*In The United States Court Of Appeals*
*For The Fifth Circuit*

No. 06-30772
Summary Calendar

ELLIOTT MUHAMMAD,

> Plaintiff - Appellant,

v.

UNITED STATES OF AMERICA; INTERNAL REVENUE SERVICE,

> Defendants - Appellees.

Appeal from the United States District Court
For the Eastern District of Louisiana
No. 2:05-CV-812

Before SMITH, WIENER, and OWEN, Circuit Judges.

PER CURIAM:[*]

Elliot Muhammad sued to enjoin the seizure by the United States of funds in his bank account. The United States filed a motion to dismiss for lack of jurisdiction, and the district court granted the motion on the grounds that the Anti-Injunction Act prohibits a suit to enjoin the collection of taxes. Muhammad appeals.

The Anti-Injunction Act generally provides that "no suit for the purpose of restraining

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed."[1] Muhammad first argues that the Anti-Injunction Act does not apply because his suit was not to enjoin the collection of taxes, but rather to enjoin the improper seizure of property. However, the Government provided ample evidence of a valid assessment of taxes against Muhammad. When, as is the case here, collecting officers have made a tax assessment and claim that the assessment is valid, the Anti-Injunction Act prohibits suits for injunctions barring collection the taxes.[2] Muhammad has not shown that any statutory or judicial exception to the Anti-Injunction Act applies.

Muhammad also argues he is entitled to sue because the Government violated his constitutional rights. He specifically cites *Jones v. Flowers*[3] and similar cases for the proposition that the Government's failure to provide adequate notice violated his constitutional right to due process. If Muhammad had claimed that Government took his property without due process, and he had sued the Government for damages, *Jones* would support his claim. But Muhammad sued to enjoin the Government from collecting taxes, and the fact that he raises constitutional claims does not allow him to avoid the Anti-Injunction

---

[1]I.R.C. § 7421(a) (2000).

[2]*Enochs v. Williams Packing & Nav. Co.*, 370 U.S. 1, 8 (1962).

[3]547 U.S. 220 (2006).

Act's prohibition of such a suit.[4]  Of course, the Anti-Injunction Act does *not* prohibit

Muhammad from suing the Government if the Government has taken his property in

violation of the Constitution.  It merely prohibits suits like Muhammad's, where the plaintiff

seeks to enjoin the collection of taxes.

     We AFFIRM.

---

[4]*See Linn v. Chivatero*, 714 F.2d 1278, 1282 (5th Cir. 1983) ("Linn's decision to cast his lawsuit in constitutional terms does not mean that the Anti-Injunction Act is inapplicable.").