# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-2798

_____

| | | |
|---|---|---|
| Elaine T. Pagonis, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Minnesota. |
| United States of America, | * | |
| | * | |
| Appellee. | * | |

_____

Submitted: March 11, 2009
Filed: August 11, 2009

_____

Before WOLLMAN, BRIGHT, and COLLOTON, Circuit Judges.

_____

COLLOTON, Circuit Judge.

Elaine T. Pagonis brought this action against the United States seeking relief in a tax dispute with the government. The district court[1] dismissed the case for lack of subject matter jurisdiction. We affirm.

_____

[1] The Honorable Paul A. Magnuson, United States District Judge for the District of Minnesota.

I.

The Internal Revenue Service ("IRS") conducted a civil audit of Pagonis and issued a notice of deficiency on June 15, 1998. The notice stated that Pagonis owed additional income taxes and penalties totaling $550,900 for tax years 1992, 1993, and 1994. The notice was sent by certified mail, return receipt requested, to Pagonis at her last known address, which was her residence. Delivery was attempted and notices of the certified mail were left at Pagonis's residence on June 16 and June 22, 1998. Pagonis asserts that she does not know where she was on those days, although she speculates that she may have been visiting her mother in Florida. On July 2, 1998, the notice of deficiency was returned to the IRS as "unclaimed."

The IRS made no further attempts to notify Pagonis of its deficiency determination, and at least ninety days after the notice of deficiency was mailed, the IRS assessed the tax deficiencies and penalties stated in the notice. According to Pagonis, she did not know about the assessment until she began receiving collection notices from the IRS in the second half of 1999. Pagonis subsequently requested that the IRS abate her taxes, alleging that the assessment was incorrect. The IRS agreed to abate in part the tax deficiency assessments, eliminating completely the assessment for 1992 and reducing the assessments for 1993 and 1994. Nevertheless, as of 2007, Pagonis's total tax liability, including penalties and interest, was approximately $230,000.

In July 2007, Pagonis filed this action in the district court. In her amended complaint, she alleged that the IRS violated her rights to due process of law by assessing the taxes without taking additional steps, after the deficiency notice was returned unclaimed, to notify Pagonis of the deficiency determination. She sought an order setting aside the assessments, a permanent injunction against further assessment or collection of taxes for the years 1992, 1993, and 1994, and a refund of any taxes already collected.

In August 2007, while the suit was pending, the IRS filed a notice of a federal tax lien regarding the assessed deficiencies. Pagonis requested and received a collection due process hearing, which took place in November 2007. The IRS Appeals Office determined that the filing of the lien was appropriate, and refused to consider Pagonis's challenge to the underlying tax liability. The appeals office reasoned that the issue had been considered twice in administrative or judicial hearings – in a bankruptcy proceeding and when Pagonis submitted an "Offer in Compromise for Doubt as to Liability." *See generally* 26 U.S.C. § 7122(a); Treas. Reg. § 301.7122-1(b); *Speltz v. Comm'r*, 454 F.3d 782, 784 (8th Cir. 2006).

In the district court, Pagonis and the government each filed motions for summary judgment. Pagonis urged that the Due Process Clause, as interpreted in *Jones v. Flowers*, 547 U.S. 220 (2006), required the IRS to make additional attempts beyond the unclaimed certified mailing to provide her with notice before the government assessed the taxes. The government asserted that the district court lacked subject matter jurisdiction over the suit.

The district court agreed with the government and dismissed the case for lack of jurisdiction. *Pagonis v. United States*, No. 07-3392, 2008 WL 2954761, at *2 (D. Minn. June 10, 2008). The court held that 26 U.S.C. § 7421(a), the Anti-Injunction Act, deprived it of jurisdiction, because Pagonis sought to restrain the assessment or collection of a tax. The court also held that it lacked jurisdiction over Pagonis's claims as a refund action under 28 U.S.C. § 1346(a)(1), because she had not paid the assessed taxes in full. We review the district court's decision *de novo*.

II.

A.

When the IRS determines that a taxpayer has an income tax deficiency – *i.e.*, that she owes additional tax beyond the amount that she self-reported on her income tax return or was otherwise previously assessed – the IRS is authorized to send a notice of deficiency to the taxpayer by certified or registered mail. *See* 26 U.S.C. §§ 6212(a), 6211(a). A taxpayer located in the United States may dispute this determination by filing a petition in the United States Tax Court for a "redetermination of the deficiency" within ninety days of the mailing of the notice of deficiency. *Id.* § 6213(a). With exceptions not relevant here, the IRS may not assess or collect the tax before the notice has been sent, during the ninety-day period for filing a petition with the Tax Court, or if such a petition is timely filed, until the Tax Court's decision has become final. *Id.* If the taxpayer disputes a decision of the Tax Court, she may seek review in a United States Court of Appeals. *Id.* § 7482.

If the taxpayer does not file a timely petition with the Tax Court during the ninety-day period, the IRS must assess the tax. *See id.* § 6213(c). Assessment is merely the formal recording of a tax liability in the IRS's records. *See id.* § 6203; *United States v. Galletti*, 541 U.S. 114, 122-23 (2004). "[A]s soon as practicable, and within 60 days," after the assessment is made, the IRS must give notice of the assessment to the taxpayer and demand payment. 26 U.S.C. § 6303. If the taxpayer does not pay the amount assessed, then the amount automatically becomes a tax lien on all property belonging to the taxpayer, *id.* § 6321, and the IRS may proceed with further collection actions. *See, e.g., id.* §§ 6330-6343. But if the taxpayer pays the full amount of the assessment, then she may seek review of the liability determination by requesting a refund from the IRS. If the refund request is denied, then the taxpayer may bring suit in federal district court or in the United States Court of Federal Claims.

-4-

*See* 28 U.S.C. § 1346(a)(1); 26 U.S.C. § 7422; *Flora v. United States*, 362 U.S. 145, 177 (1960).

A taxpayer who has not paid an income tax assessment in full, however, generally may not file suit in district court to challenge the validity of the assessment. If the taxpayer pays part of the assessment and seeks to challenge it through a refund action under § 1346(a)(1), then the suit is barred by the Supreme Court's ruling in *Flora* that full payment of an assessment is a prerequisite to a refund action. 362 U.S. at 177. Alternatively, if the taxpayer challenges the assessment without paying any portion of it, the suit is typically barred by the Internal Revenue Code's Anti-Injunction Act, 26 U.S.C. § 7421(a). Section 7421(a) prohibits any "suit for the purpose of restraining the assessment or collection of any tax" brought by "any person" in "any court," but includes a number of exceptions, two of which are relevant here. First, pursuant to § 6213(a), the jurisdictional bar does not apply if the IRS attempts to assess or collect the tax before mailing the notice of deficiency in compliance with § 6212. *See id.* §§ 6213(a), 7421(a). Second, a judicially created exception to the bar applies if the government has no chance of ultimately prevailing on its claim "under the most liberal view of the law and the facts" at the time of suit and "equity jurisdiction otherwise exists." *Enochs v. Williams Packing & Navigation Co.*, 370 U.S. 1, 7 (1962).

## B.

The district court relied on both the *Flora* full-payment rule and the Anti-Injunction Act in holding that it lacked jurisdiction over Pagonis's suit. For the reasons that follow, we agree with the district court that the Anti-Injunction Act precludes Pagonis's suit.

Pagonis indisputably brought a "suit for the purpose of restraining the assessment or collection of any tax," 26 U.S.C. § 7421(a), so the Anti-Injunction Act

clearly applies unless there is an exception to the general rule.  Pagonis contends that the notice of deficiency mailed by the IRS did not comply with the statutory requirements of § 6212, because the IRS should have taken additional reasonable steps to contact her after the notice sent by certified mail was returned unclaimed.  She argues that because the notice was insufficient under § 6212, the district court had jurisdiction based on the exception of § 6213(a) for suits brought before a valid notice of deficiency is mailed.

This court rejected the same argument in *Brown v. Lethert*, 360 F.2d 560 (8th Cir. 1966).  In *Brown*, as here, the IRS sent a notice of deficiency by certified mail to a taxpayer at his last known address, which was in fact his actual residence, and the notice was returned to the IRS as unclaimed.  *Id.* at 561.  The taxpayer argued that such a mailing did not satisfy § 6212, and that the IRS was required to make further attempts at providing notice when the mailing was returned unclaimed.  We held, however, that § 6212 does not require actual receipt of the mailing, and that a notice sent by certified mail to a taxpayer's last known address complies with the statutory requirements, even if it is returned unclaimed.  360 F.3d at 562.  The relevant portions of §§ 6212 and 6213(a) have not changed since *Brown*.  The statute provides that the notice need only be "mailed," 26 U.S.C. § 6213(a), and that such notice "shall be sufficient" if it is "mailed to the taxpayer at his last known address." *Id.* § 6212(b)(1). *Brown* therefore controls.  The notice sent by certified mail to Pagonis's last known address was sufficient under § 6212, and the exception to the Anti-Injunction Act in § 6313(a) does not apply to Pagonis's suit.[2]

---

[2]Counsel for the government represented at oral argument that the IRS now goes beyond the requirements of § 6212 and also sends a notice to the taxpayer by regular mail.  Counsel stated that this practice has been in effect since 2001 and is set forth in a Revenue Procedure, albeit one that has not been cited in the briefs.  Assuming this is the current IRS practice (we have been unable to locate an apposite Revenue Procedure), it may well be that taxpayers like Pagonis will now receive actual notice of deficiency determinations through regular mail in circumstances like those presented here.

Pagonis contends alternatively that the judicially created *Williams Packing* exception to the Anti-Injunction Act provides a basis for the district court to exercise jurisdiction. In *Williams Packing*, the Court explained that § 7421(a) does not bar suits to enjoin the assessment or collection of a tax when "it is clear that under no circumstances could the Government ultimately prevail" on its claim of liability and "equity jurisdiction otherwise exists." 370 U.S. at 7. In this limited situation, when the government's claim of liability is without foundation, "the exaction is merely in the guise of a tax," and the government is not entitled to the Act's normal protection from suit. *Id.* (internal quotation omitted). In determining whether there are circumstances under which the government could prevail, we consider "the most liberal view of the law and the facts" at the time of suit, *id.*, and "the constitutional nature of a taxpayer's claim, as distinct from its probability of success, is of no consequence." *Alexander v. "Americans United" Inc.*, 416 U.S. 752, 759 (1974).

This case does not fall within the narrow *Williams Packing* exception, because there is no clear showing that the government will be unable to prevail on its claim. Pagonis has raised no challenge to the merits of her tax liability. Rather, she argues only that because the notice mailed to her address allegedly failed to meet constitutional due process standards, the government cannot ultimately prevail in a collection or refund action. Even if the *Williams Packing* exception applies outside the context of challenges to the merits of the tax liability, under the most liberal view of the law, it is far from clear that the government would be unable to defeat this procedural challenge based on notice. This court held on nearly identical facts in both *Brown* and *Morse v. IRS*, 635 F.2d 701 (8th Cir. 1980), that the government's failure to provide actual notice to a taxpayer of a tax deficiency, and the resulting inability of the taxpayer to seek prepayment review of the deficiency in the Tax Court, does not violate the Due Process Clause. *See Brown*, 360 F.2d at 562 (citing *Phillips v. Comm'r*, 283 U.S. 589 (1931)); *Morse*, 635 F.2d at 703. This precedent runs directly counter to Pagonis's assertion that her due process claim will preclude the government from prevailing in a suit to determine her tax liability.

Pagonis contends, however, that this court's prior holdings have been undermined by the Supreme Court's intervening decision in *Jones v. Flowers*. In *Jones*, the Court held that the State of Arkansas violated the Due Process Clause of the Fourteenth Amendment by selling a property owner's house at a tax sale without making further efforts to notify the owner when the tax delinquency and sale notices sent by certified mail were returned unclaimed. 547 U.S. at 225. The Court emphasized that actual notice is not required before the government may take property, *id.* at 226, but held that when the State learned that its attempted notice was unsuccessful, it "should have taken additional reasonable steps to notify [the owner], if practicable to do so," *id.* at 234, particularly given "such an important and irreversible prospect as the loss of a house." *Id.* at 230.

We are not convinced that *Jones* demonstrates that the government had no chance of prevailing in a collection or refund action. *Jones* involved the question of what notice is required before a State undertakes to deprive a citizen permanently of his home by taking and selling the property. This case, however, concerns the IRS's assessment of a tax deficiency, which is "little more than the calculation or recording of a tax liability." *Galletti*, 541 U.S. at 122; *see* 26 U.S.C. § 6203. *Jones* does not require additional efforts at notice before the government establishes a tax deficiency, because no deprivation of property has occurred. *See Muhammad v. United States*, 227 F. App'x 333, 334 (5th Cir. 2007) (per curiam) (finding *Jones* inapplicable to a suit to enjoin collection of taxes where the government had not yet taken any property). Before the government could *sell* Pagonis's property as part of an effort to collect taxes, the IRS would be required to make further attempts to notify Pagonis, *see* 26 U.S.C. § 6335(a)-(b); *Jones*, 547 U.S. at 228 n.2, but that is not the issue here. Therefore, we conclude that *Brown* and *Morse* remain good law, and at a minimum, it is not clear from *Jones* that the government has no chance of ultimately prevailing on its claim. The *Williams Packing* exception to the Anti-Injunction Act therefore does not apply, and § 7421(a) bars Pagonis's suit.

Finally, Pagonis argues that regardless of the Anti-Injunction Act, the district court had jurisdiction under 28 U.S.C. § 1331(a), because her due process claim is one "arising under the Constitution." Section 1331(a), however, does not override the more specific jurisdictional limitations in 26 U.S.C. § 7421. The constitutional nature of a claim does not allow a taxpayer to avoid the jurisdictional bar of the Anti-Injunction Act. *See Americans United*, 416 U.S. at 759; *Muhammad*, 227 F. App'x at 334.

\* \* \*

For these reasons, the judgment of the district court is affirmed.

_____