# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-1082

_____

Leonard Bright,

        Appellant,

v.

United States of America,

        Appellee.

\*
\*
\*
\*   Appeal from the United States
\*   District Court for the
\*   Western District of Missouri.
\*
\*   [UNPUBLISHED]
\*

_____

Submitted: May 5, 2011
Filed: June 13, 2011

_____

Before LOKEN, MURPHY, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Leonard Bright appeals the district court's[1] dismissal of his civil action claiming that the IRS's seizure of his wages was unconstitutional. Reviewing de novo, see Hastings v. Wilson, 516 F.3d 1055, 1058 (8th Cir. 2008), we conclude that to the extent Bright attempted to proceed under 42 U.S.C. §§ 1983, 1985 or Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), he failed to state a claim. He alleged no facts showing state action or a conspiracy, see Zutz v. Nelson, 601 F.3d 842, 848 (8th Cir. 2010); Kurtz v. City of Shrewsbury,

_____

[1]The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri.

245 F.3d 753, 758 (8th Cir. 2001), he gave no indication as to the involvement or identity of any individuals who allegedly committed constitutional violations, see Ellis v. Norris, 179 F.3d 1078, 1079 (8th Cir. 1999), and a Bivens action cannot be prosecuted against the United States, see Buford v. Runyon, 160 F.3d 1199, 1203 (8th Cir. 1998).

Further, we agree with the district court that 28 U.S.C. § 1346(a)(1) did not confer subject matter jurisdiction over this action, because Bright did not allege that he filed a claim for a refund with the IRS or that he paid any assessment in full. See 26 U.S.C. § 7422(a); Flora v. United States, 362 U.S. 145, 177 (1960). Based on the record below, we also agree that 26 U.S.C. § 7421(a) applied to bar the action insofar as it sought relief from tax-collection activities. See Pagonis v. United States, 575 F.3d 809, 813, 815 (8th Cir. 2009); Stone v. Harry, 364 F.3d 912, 914-15 (8th Cir. 2004).

Accordingly, we affirm. See 8th Cir. R. 47B.

_____