Gray-Quintin v. Town of Williamstown, No. 232-10-10 Oecv (Eaton, J., Apr. 17, 2012)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

SUPERIOR COURT                                             CIVIL DIVISION
Orange Unit                                               Docket No. 232-10-10 Oecv

Shanna Gray-Quintin
        Plaintiff

v.

Town of Williamstown
        Defendant

### Decision on Defendant's Motion for Reconsideration

At issue is what a town must do when it learns, one day before a tax sale, that its registered notice to the taxpayer has been returned as unclaimed. Defendant Town of Williamstown argues that it may proceed with the tax sale if it sends a first-class letter to the taxpayer, even though there is no chance that the mail will be delivered before the sale. Plaintiff Shanna Gray-Quintin argues that such a procedure does not comport with either the applicable state statutes or the federal constitutional standard established by *Jones v. Flowers*, 547 U.S. 220, 225 (2006).

The tax sale here occurred on the facts noted above. After the sale, Ms. Gray-Quintin sought a declaration voiding the tax sale for insufficient notice, largely for reasons related to her co-ownership of the property with her estranged father. Defendant filed for summary judgment on the ground that its chosen method of notice was adequate at least as to the co-ownership issues. In a written ruling, this court attempted to refocus the case on what it perceived as the more fundamental concern: that once the town learned that its attempts at notice by mail had failed, the town was not permitted to proceed with the sale until it made additional reasonable attempts "to provide notice to the property owner *before* selling [her] property." *Jones v. Flowers*, 547 U.S. 220, 225 (2006) (emphasis added). Defendant now seeks reconsideration of this ruling on several grounds.

Defendant argues first that *Jones* does not control this case because the town here learned only one day before the scheduled sale that its attempts at registered service had failed, at which point, the town argues, "nothing much more could be done about it, at least by mail." It is precisely this shrug of the shoulders that the court is focusing on. If there is any take-home message from *Jones* for Vermonters, it is that the requirement of a return receipt in 32 V.S.A. § 5252(3) is meaningful. If the receipt is returned with a signature, then the town may proceed with confidence that it has provided actual notice to the taxpayer before the scheduled sale. But if the receipt is returned as unclaimed, then the town "cannot simply ignore" that fact and sell the property without notice, as the town did here. *Jones*, 547 U.S. at 237. Instead, the town must conclude that it has failed to provide registered notice as required by § 5252(3), and make some additional attempt to provide notice that is "reasonably calculated, under all the circumstances," to reach the taxpayer *before* the sale is held. *Mullane v. Central Hanover Bank & Trust Co.*, 339

U.S. 306, 314 (1950). If the town has not left itself enough time to do this, the answer is not for the town to tell the tax collector to "sell now and deal with notice later," but rather to postpone the sale until the town has satisfied its statutory and constitutional notice obligations.

Defendant argues second that *Jones* does not control in states where there is a redemption period following the sale. Defendant appears to have misunderstood the circumstances of *Jones* because the opinion there references a post-sale redemption period with a supporting citation to the applicable state statute. See 547 U.S. at 224 (citing Ark. Code Ann. § 26-37-202(e)(1)). More importantly, defendant has not cited any legal support for the proposition that a post-sale redemption period excuses the government's obligation to provide notice to a taxpayer *before* selling her property.

Defendant argues third that the reach of *Jones* was limited in *Pagonis v. United States*, 575 F.3d 809 (8th Cir. 2009). *Pagonis* was a case in which the Internal Revenue Service audited a taxpayer and issued a notice of deficiency by certified mail, which was returned as unclaimed. The issue was whether the IRS needed to make further attempts to notify the taxpayer of the deficiency before assessing the taxes; the answer was no, but the Eighth Circuit went out of its way to clarify that additional notice *would* be required if the IRS was attempting to sell the taxpayer's property as part of an effort to collect taxes. 575 F.3d at 814–15. Hence, the holding in *Pagonis* has no bearing on the present case, and its dicta directly supports the court's conclusions.

Defendant finally argues that the court impermissibly credited plaintiff's unsworn statements that she gave a different address to the town clerk. Although that fact was recited in that opinion, it was not material to the outcome and is thus no basis for reconsideration. The court's fundamental concern here is not with the taxpayer's discussions of her situation with the town clerk, or even with this particular taxpayer's arrangements between herself and the co-owner of the property, but rather with the town's act of selling a taxpayer's property without providing the notice that is required by 32 V.S.A. § 5252(3). See *Jones*, 547 U.S. at 237 (emphasizing that a notice that is returned unclaimed is the same as no notice at all). For this same reason, the court does not expect the testimony referenced in defendant's motion in limine to be central to the outcome at trial.

## ORDER

Defendant's Motion to Alter or Amend Judgment (MPR #5), filed Feb. 22, 2012, is ***denied***. Defendant's Motion in Limine (MPR #6), filed Feb. 22, 2012, is ***reserved until trial***.

Dated at Chelsea, Vermont this ____ day of April, 2012.

_____
Harold E. Eaton, Jr.
Superior Court Judge

2