# UNITED STATES *v.* GALLETTI ET AL.

No. 02–1389.   Argued January 12, 2004—Decided March 23, 2004

*Kent L. Jones* argued the cause for the United States. With him on the briefs were *Solicitor General Olson, Assistant Attorney General O'Connor, Deputy Solicitor General Hungar, Thomas J. Clark,* and *Andrea R. Tebbets.*

*David R. Haberbush* argued the cause for respondents. With him on the brief were *Joel Barry Feinberg, A. Lavar Taylor,* and *Charles F. Rosen.*

JUSTICE THOMAS delivered the opinion of the Court.

Section 6501(a) of the Internal Revenue Code states that, except as otherwise provided, "the amount of any tax imposed by this title shall be assessed within 3 years after the return was filed . . . and no proceeding in court without assessment for the collection of such tax shall be begun after the expiration of such period." 26 U. S. C. § 6501(a). If a tax is properly assessed within three years, however, the statute of limitations for the collection of the tax is extended by 10 years from the date of assessment. § 6502(a). We must decide in this case whether, in order for the United States to avail itself of the 10-year increase in the statute of limitations for collection of a tax debt, it must assess the taxes not only against a partnership that is directly liable for the debt, but also against each individual partner who might be jointly and severally liable for the debts of the partnership. Under California law a partnership maintains a separate identity from its general partners, and the partners are only secondarily liable for the tax debts of the partnership, as they are for any debt of the partnership. Because, in this case, the only relevant "taxpayer" for purposes of §§ 6501–6502 is the partnership, we hold that the proper assessment of the tax against the partnership suffices to extend the statute of limitations for collection of the tax from the general partners who are liable for the payment of the partnership's debts. The Government's timely assessment of the tax against the partnership was sufficient to extend the statute of limitations to collect the tax in a judicial proceeding, whether from the partnership itself or from those liable for its debts.

## I

Respondents, Abel Cosmo Galletti, Sarah Galletti, Francesco Briguglio, and Angela Briguglio, were general partners of Marina Cabrillo Company (Partnership). From 1992 to 1995, the Partnership failed to pay significant federal employment tax liabilities that it had incurred. Although the Internal Revenue Service (IRS) timely assessed those taxes against the Partnership in 1994, 1995, and 1996, the Partnership never satisfied the debt.

Respondents Abel and Sarah Galletti and respondents Francesco and Angela Briguglio filed joint petitions for relief under Chapter 13 of the Bankruptcy Code on October 20, 1999, and February 4, 2000, respectively. In the Gallettis' proceedings, the IRS filed a proof of claim in the amount of $395,179.89 for unpaid employment taxes assessed between January 1994 and July 1995 against the Partnership. In the Briguglios' proceedings, the IRS filed a proof of claim in the amount of $427,402.74. The proof of claim included secured claims totaling $403,264.06 for unpaid employment taxes assessed between January 1994 and November 1996 against the Partnership.

Respondents objected to the claims on the ground that they were not proven against the estates. Respondents did not dispute that under California law they are jointly and severally liable for the debts of the Partnership. Nor did they dispute that the IRS had properly assessed the taxes against the Partnership within the 3-year statute of limitations, thereby extending the limitations period for collection of the taxes by 10 years. Rather, respondents argued that the timely assessment of the Partnership extended the statute of limitations only against the Partnership. To extend the 3-year statute of limitations against the general partners, respondents argued, the IRS had to separately assess the general partners within the 3-year limitations period. Because it did not, and because the 3-year limitations period

had expired, respondents argued that the IRS could no longer collect the debt from them. The Bankruptcy Court and the District Court agreed and sustained respondents' objections to the claims.

The Court of Appeals for the Ninth Circuit affirmed. The Government argued that the Code does not require that the individual partners be assessed within the 3-year period prescribed by § 6501 and that the IRS made a valid assessment of the taxpayer here because the Partnership is the only relevant "taxpayer." The Court of Appeals held that since respondents are "taxpayers" under § 7701(a)(14), which defines "taxpayer" to mean "any person subject to any internal revenue tax," they are also "taxpayers" under §§ 6203 and 6501. As such, the Court of Appeals held that "[t]he assessment against the Partnership extended the statute of limitations only with respect to the Partnership." 314 F. 3d 336, 340 (2002).

The Government argued in the alternative that because respondents conceded that they were liable for the Partnership's employment tax debts as a matter of California law, the Government had a right to payment, which suffices to prove a valid claim in bankruptcy. See 11 U. S. C. § 101(5)(A) (defining "claim" as including a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured"). The Court of Appeals rejected this argument because, under California law, a creditor must obtain a judgment against a partner before holding that partner liable for the partnership's debt. Cal. Corp. Code Ann. § 16307(c) (West Supp. 2004). At the time the United States filed its proof of claim, it had not obtained a separate judgment against respondents, and the time for obtaining a judgment under the Internal Revenue Code against respondents had expired.

We granted certiorari, 539 U. S. 940 (2003), and now reverse.

## II

Section 6501(a) of the Internal Revenue Code provides that "the amount of any tax imposed [by the Code] shall be assessed within 3 years after the return was filed." 26 U. S. C. § 6501(a). "The assessment shall be made by recording the liability of the taxpayer in the office of the Secretary [of the Treasury] in accordance with rules or regulations prescribed by the Secretary." § 6203. Within 60 days of the assessment, the Secretary is required to "give notice to each person liable for the unpaid tax, stating the amount and demanding payment thereof." § 6303(a). If the tax is properly assessed within 3 years, the limitations period for collection of the tax is extended by 10 years from the date of the assessment. § 6502.

The dispute in this case centers on whether the United States can collect the Partnership's unpaid employment taxes from respondents in a judicial proceeding occurring more than three years after the tax return was filed but within the 10-year extension to the 3-year limitations period that attached when the tax was timely assessed against the Partnership.[1] Respondents insist that a valid assessment (that is, one that would trigger the 10-year increase in the statute of limitations) must name them individually. This is so, according to respondents, because they are primarily liable for the tax debt, both because they are "the [relevant] taxpayer[s]" under § 6203 and because they are jointly and

---

[1] Because the Government is attempting to enforce the Partnership's tax liabilities against respondents in a judicial proceeding, we do not address whether an assessment only against the Partnership is sufficient for the IRS to commence administrative collection of the Partnership's tax debts by lien or levy against respondents' property.

We also decline to address whether an assessment against the partnership suffices to trigger liability against the partners for interest and penalties without separate notice and demand to them.

severally liable for the tax debts of the Partnership.[2] We reject both arguments in turn.

## A

Respondents argue, and the Court of Appeals agreed, that each partner is primarily liable for the debt and must be individually assessed because each partner is a separate "taxpayer" under 26 U. S. C. § 6203. The statutory definition of "taxpayer" includes "any person subject to any internal revenue tax," and "person" includes both "an individual" and a "partnership," §§ 7701(a)(14), (a)(1). The Court of Appeals observed that although the Partnership is a "taxpayer," each individual partner is also a separate "taxpayer." As such, the Court of Appeals interpreted § 6203's requirement that the Secretary of the Treasury record "the liability of the taxpayer" to require a separate assessment against each of the general partners.

Although the Court of Appeals correctly concluded that an individual partner can be a "taxpayer," the inquiry does not end there. Section 6203 speaks of *the liability* of the taxpayer" (emphasis added), which indicates that the relevant taxpayer must be determined. The liability in this case arose from the Partnership's failure to comply with § 3402(a)(1) of the Code, which requires "every employer

---

[2] Respondents argue that even if we were to hold that the partners are secondarily liable, the IRS would still be barred from collecting the taxes. Respondents contend that if partners are not "taxpayers" under § 6203, then their liability arises only under state law, and the state 3-year statute of limitations therefore applies. Brief for Respondents 30–34. Respondents have forfeited this argument by failing to raise it in the courts below. Indeed, the closest respondents have come to arguing that the state limitations period applies was in the Court of Appeals, when respondents argued that "under California law, any collections suit filed against a partner to collect a partnership debt is subject to the statute limitation provision which applies to the underlying debt of the partnership." Appellee's Opening Brief in Nos. 01–55953, 01–55954 (CA9), p. 14. This argument, of course, is contrary to respondents' position in this Court.

making payment of wages" to deduct and withhold employment taxes. Moreover, "[t]he employer shall be liable for the payment of the tax required to be deducted and withheld." § 3403. When an employer fails to withhold and submit the requisite amount of employment taxes, § 3403 makes clear that the liable taxpayer is the employer. In this case, the "employer" was the Partnership.[3]

## B

Respondents also argue that they are primarily liable for the Partnership's tax debt because, under California law, general partners are jointly and severally liable for the debts of their partnership, Cal. Corp. Code Ann. § 16306 (West Supp. 2004). Brief for Respondents 8–16. As our prior discussion demonstrates, however, respondents cannot show that they are primarily liable for the payment of the Partnership's employment taxes unless they can show that they are the "employer." However, under California's partnership principles, a partnership and its general partners are separate entities. See § 16201. Thus respondents cannot argue that, for all intents and purposes, imposing a tax directly on the Partnership is equivalent to imposing a tax directly on the general partners. Respondents must instead prove that the tax liability was imposed both on the Partnership and respondents as separate "employers." The fact that respondents are jointly and severally liable for the debts of the Partnership is irrelevant to this determination.

## III

We now turn to the question whether the Government must make separate assessments of a single tax debt against persons or entities secondarily liable for that debt in order

---

[3] Our decision is consistent with this Court's holding in *United States* v. *Williams,* 514 U. S. 527, 532–536 (1995), where we interpreted "taxpayer" under 26 U. S. C. § 6511 more broadly. Here, it is clear that we must interpret "the taxpayer" under § 6203 with reference to the underlying liability.

for § 6502's extended statute of limitations to apply to those persons or entities.[4]   We hold that the Code contains no such requirement.   Respondents' argument that they must be separately assessed turns on a mistaken understanding of the function and nature of an assessment as identical to the initiation of a formal collection action against any person or entity who might be liable for payment of a debt.   In its numerous uses throughout the Code, it is clear that the term "assessment" refers to little more than the calculation or recording of a tax liability.   See, *e. g.*, 26 U. S. C. § 6201 (assessment authority); § 6203 (method of assessment); § 6204 (supplemental assessments); 26 CFR § 601.103 (2003).   See also Black's Law Dictionary 111 (7th ed. 1999) (defining "assessment" as the "[d]etermination of the [tax] rate or amount of something, such as a tax or damages").   "The Federal tax system is basically one of self-assessment," whereby each taxpayer computes the tax due and then files the appropriate form of return along with the requisite payment.   26 CFR § 601.103(a) (2003).   In most cases, the Secretary accepts the self-assessment and simply records the liability of the taxpayer.   Where the taxpayer fails to file the form of return or miscalculates the tax due, as in this case, the Secretary can assess "all taxes (including interest, additional amounts, additions to the tax, and assessable penalties)," 26 U. S. C. § 6201(a), by "recording the liability of the taxpayer in the office of the Secretary," § 6203.   In other words, where the Secretary rejects the self-assessment of the taxpayer or discovers that the taxpayer has failed to file a return, the Secretary calculates the proper amount of liability and records it in the Government's books.

To be sure, the assessment of a tax triggers certain consequences.   After the amount of liability has been established and recorded, the IRS can employ administrative enforcement methods to collect the tax.   §§ 6321–6327, 6331–6334.

---

[4] We use the term "secondary liability" to mean liability that is derived from the original or primary liability.

The assessment of a tax liability also extends the period during which the Government can collect the tax. But the fact that the act of assessment has consequences does not change the function of the assessment: to calculate and record a tax liability.

Under a proper understanding of the function and nature of an assessment, it is clear that it is *the tax* that is assessed, not the taxpayer. See § 6501(a) ("the amount of any tax . . . shall be assessed"); § 6502(a) ("[w]here the assessment of any tax"). And in *United States* v. *Updike*, 281 U. S. 489 (1930), the Court, interpreting a predecessor to § 6502, held that the limitations period resulting from a proper assessment governs "the extent of time for the enforcement of the tax liability," *id.*, at 495. In other words, the Court held that the statute of limitations attached to the debt as a whole. The basis of the liability in *Updike* was a tax imposed on the corporation, and the Court held that the same limitations period applied in a suit to collect the tax from the corporation as in a suit to collect the tax from the derivatively liable transferee. *Id.*, at 494–496. See also *United States* v. *Wright*, 57 F. 3d 561, 563 (CA7 1995) (holding that, based on *Updike*'s principle of "all-for-one, one-for-all," the statute of limitations governs the debt as a whole).

Once a tax has been properly assessed, nothing in the Code requires the IRS to duplicate its efforts by separately assessing the same tax against individuals or entities who are not the actual taxpayers but are, by reason of state law, liable for payment of the taxpayer's debt. The consequences of the assessment—in this case the extension of the statute of limitations for collection of the debt—attach to the tax debt without reference to the special circumstances of the secondarily liable parties.

In this case, the tax was properly assessed against the Partnership, thereby extending the statute of limitations for collection of the debt. The United States now timely seeks to collect that debt in judicial proceedings against respond-

ents.[5]   We therefore reverse the judgment of the Court of Appeals and remand the case for further proceedings consistent with this opinion.

*It is so ordered.*

---

[5] The Court of Appeals also held that the claims were barred by California partnership law, which requires a creditor first to obtain a judgment against a partnership before holding the partners liable for the partnership's debt.   314 F. 3d 336, 344 (CA9 2002).   When respondents filed for bankruptcy, an automatic stay barred the Government from bringing suit outside the Bankruptcy Court to enforce respondents' secondary liability. 11 U. S. C. § 362(a)(1).   Respondents do not dispute, however, that the adjudication of a disputed claim satisfies California's requirement that there be a "judgment against a partner."   Cal. Corp. Code Ann. § 16307(c) (West Supp. 2004).   Moreover, a claim is allowable in bankruptcy "whether or not such right is reduced to judgment."   11 U. S. C. § 101(5)(A).