T.C. Memo. 2004-209

UNITED STATES TAX COURT

ALBERT M. KUN, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 16979-02L.          Filed September 20, 2004.

Albert M. Kun, pro se.

Rebecca S. Duewer and Paul R. Zamolo, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

MARVEL, Judge:  Pursuant to section 6330(d),[1] petitioner
seeks review of respondent's determination to proceed with the
collection of petitioner's 1995, 1996, 1997, 1998, and 1999
Federal income tax liabilities.

_____

[1]All section references are to the Internal Revenue Code in
effect at all relevant times.

FINDINGS OF FACT

Some of the facts have been stipulated. We incorporate the stipulated facts and the accompanying exhibits into our findings by this reference. Petitioner resided in San Francisco, California, when he filed the petition.

Petitioner timely filed tax returns for 1995 through 1999 but failed to pay the amounts shown as due on the returns. On May 3, 2001, respondent sent to petitioner a Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320 for 1995 through 1999. On June 4, 2001, petitioner mailed to respondent Form 12153, Request for a Collection Due Process Hearing, requesting a hearing with respect to all 5 taxable years. Petitioner's Form 12153 stated: "I believe this bill is incorrect. These taxes were never assessed. I am requesting a minimum of 60 days extension."

On April 22, 2002, petitioner and petitioner's representative, Hector Vasquez, attended a hearing with Appeals Officer Serena Wong. At the hearing, petitioner contended that respondent had not assessed the income tax liabilities. Petitioner also submitted an offer-in-compromise of $1,000 on the basis of doubt as to collectibility. Petitioner's offer-in-compromise covered his income tax liabilities for 1985 through 2001, which then exceeded $180,000.

In addition to Form 656, Offer in Compromise, petitioner submitted the following completed forms at the hearing: (1) Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals, and (2) Form 433-B, Collection Information Statement for Businesses. On the Form 433-A, petitioner indicated that he was an unmarried, self-employed attorney and had total monthly income and expenses of $2,707 and $3,302, respectively. On the Form 433-B, petitioner stated that he had total monthly business income and expenses of $6,131 and $3,424, respectively.

On October 11, 2002, the Appeals Office sent to petitioner a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 (notice of determination). In the notice of determination, the Appeals Office determined the following:

1. All legal and procedural requirements for filing the notice of Federal tax lien had been met.

2. Petitioner's income tax liabilities were timely assessed, and the assessments were "properly based on established law, policy and procedure."

3. Petitioner's offer-in-compromise was properly rejected, because petitioner was noncompliant in the payment of both his income tax liabilities and estimated tax payments, petitioner was capable of paying more than the amount offered, no exceptional

circumstances were present "such that collection of the full liability will be detrimental to voluntary compliance", and there was no evidence that a compromise would encourage future compliance and promote effective tax administration.

4. Petitioner declined to consider an installment agreement.

5. The notice of Federal tax lien filing balanced the need for efficient collection of taxes with the legitimate concern of the taxpayer that the collection action be no more intrusive than necessary.

On October 30, 2002, petitioner filed a timely petition contesting respondent's determination. Petitioner alleged that "the Internal Revenue Service abused its discretion in making the findings and conclusions it did and abused its discretion in rejecting petitioner's offer in compromise."

## OPINION

All property and rights to property of a taxpayer become subject to a lien in favor of the United States on the date a tax liability is assessed against the taxpayer if the taxpayer fails to meet the Commissioner's demand for payment of the tax liability. Secs. 6321 and 6322. Until a notice of Federal tax lien is filed, a lien is without validity and priority against certain persons such as judgment lien creditors of the taxpayer. Sec. 6323(a). After the Secretary files the notice of Federal

tax lien, the Secretary must provide the taxpayer with written notice of the filing, informing the taxpayer of the right to request an administrative hearing on the matter. Sec. 6320(a)(1), (3)(B). Section 6320(c) requires that the administrative hearing be conducted pursuant to section 6330(c), (d), and (e).

At the hearing, a taxpayer may raise any relevant issue, including appropriate spousal defenses, challenges to the appropriateness of the collection action, and collection alternatives, such as an offer-in-compromise. Sec. 6330(c)(2)(A). Additionally, at the hearing, a taxpayer may contest the existence and amount of the underlying tax liability if the taxpayer did not receive a notice of deficiency for the tax in question or did not otherwise have an opportunity to dispute the tax liability. Sec. 6330(c)(2)(B); see also Sego v. Commissioner, 114 T.C. 604, 609 (2000).

Following the hearing, the Appeals Office is required to issue a notice of determination regarding the disputed notice of Federal tax lien. In so doing, the Appeals Office is required to take into consideration the verification presented by the Secretary, the issues raised by the taxpayer, and whether the proposed collection action appropriately balances the need for efficient collection of taxes with the taxpayer's concerns regarding the intrusiveness of the proposed collection action.

Sec. 6330(c)(3). The taxpayer may petition the Tax Court or, in limited cases, a Federal District Court for judicial review of the Appeals Office's determination. Sec. 6330(d).

If the taxpayer files a timely petition for judicial review, the applicable standard of review depends on whether the underlying tax liability is at issue. Where the underlying tax liability is properly at issue, the Court reviews any determination regarding the underlying tax liability de novo. Sego v. Commissioner, supra at 610. The Court reviews other administrative determinations regarding the notice of Federal tax lien for abuse of discretion. Id.

In the present case, petitioner has not received a notice of deficiency or otherwise had an opportunity to dispute his income tax liabilities for 1995 through 1999. Consequently, petitioner's underlying tax liabilities are properly at issue, and we review any challenge to the underlying tax liabilities de novo. See sec. 6330(c)(2)(B); Montgomery v. Commissioner, 122 T.C. 1, 9 (2004).

A. Petitioner's Challenge to the Underlying Tax Liabilities

In challenging the underlying tax liabilities, petitioner solely contends that "The taxes in question were not due because they were never assessed." Petitioner does not allege any specific irregularity in the assessment procedure.

An Appeals officer may rely on a computer transcript or Form 4340, Certificate of Assessments, Payments, and Other Specified Matters, to verify that a valid assessment was made.  Nestor v. Commissioner, 118 T.C. 162, 166 (2002); Schaper v. Commissioner, T.C. Memo. 2002-203; Schroeder v. Commissioner, T.C. Memo. 2002-190.  After reviewing the computer transcripts of petitioner's account, Appeals Officer Wong concluded that "Assessments for all years appear correct and based on established law, policy and procedure."  The record contains no credible evidence to contradict Appeals Officer Wong's conclusion.  Accordingly, we conclude that respondent properly assessed petitioner's income tax liabilities.

B.  Petitioner's Challenge to Respondent's Determination To Proceed With the Collection Action

   1.  Copies of Form 4340

Petitioner asserts that, at the hearing, Appeals Officer Wong should have made available to petitioner a copy of Form 4340, Certificate of Assessments, for each of the taxable years at issue and should have discussed the Forms 4340 with him.  We disagree.  Although section 6203 provides that "Upon request of the taxpayer, the Secretary shall furnish the taxpayer a copy of the record of the assessment", section 6330(c)(1) does not require that the Appeals officer give to the taxpayer a copy of the record of assessment at or before the hearing.  See Nestor v. Commissioner, supra at 166-167.  Even if petitioner had requested

copies of the Forms 4340,[2] Appeals Officer Wong's failure to give them to petitioner at the hearing is not an abuse of her discretion. See id.

### 2. Petitioner's Offer-in-Compromise

Petitioner further asserts that it was an abuse of discretion for Appeals Officer Wong to reject his offer-in-compromise. According to petitioner, Appeals Officer Wong (1) failed to apply Internal Revenue Manual section "5.15.1.4.3" for evaluating petitioner's Forms 433-A and 433-B and (2) failed "to make a finding of net income" for purposes of an installment agreement.

In his filings with the Court, petitioner did not explain his contention regarding the Internal Revenue Manual and offered no evidence in support of his position that Appeals Officer Wong did not properly evaluate his collection information. Upon review of the record, it is clear that Appeals Officer Wong carefully considered petitioner's collection information and, on the basis of that information, determined that petitioner's

---

[2]There is no evidence, and petitioner did not allege, that he ever requested copies of the Forms 4340 from the Appeals officer at or before the hearing.

offer-in-compromise should be rejected for several reasons[3] in addition to petitioner's ability to pay.

In arguing that the rejection of his offer-in-compromise was an abuse of discretion, petitioner also contends that Appeals Officer Wong failed to make a finding of net income for purposes of an installment agreement. Petitioner has not directed us to, and we are not aware of, any such requirement for purposes of rejecting an offer-in-compromise. Moreover, when Appeals Officer Wong presented to petitioner the opportunity to consider an installment agreement, petitioner declined to do so. Appeals Officer Wong's rejection of petitioner's offer-in-compromise was not an abuse of discretion.

C. Conclusion

We have considered the remaining arguments of both parties for results contrary to those discussed herein and, to the extent not discussed above, conclude those arguments are irrelevant, moot, or without merit.[4] We shall sustain respondent's

---

[3]In addition to determining that the amount of petitioner's offer-in-compromise was inadequate, Appeals Officer Wong rejected petitioner's offer-in-compromise because petitioner had a 17-year history of noncompliance with the Federal income tax laws; had not paid his 2000, 2001, or 2002 Federal income tax liability; and had not made required estimated tax payments as of the date of his hearing. See Londono v. Commissioner, T.C. Memo. 2003-99 (taxpayer's history of noncompliance was basis for rejecting offer-in-compromise).

[4]In his posttrial memorandum of law, petitioner argued that he was denied due process when this Court granted respondent's
(continued...)

determination that the notice of Federal tax lien filing was an appropriate enforcement action with respect to petitioner's 1995, 1996, 1997, 1998, and 1999 income tax liabilities.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent.</u>

---

[4](...continued)
two motions to quash subpoenas and denied petitioner's motion for a continuance, but petitioner did not file any motion for reconsideration. We decline to reconsider our rulings on the motions, which were explained in detail on the record before trial.