T.C. Memo. 2004-273

UNITED STATES TAX COURT

ALBERT M. KUN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent[*]

Docket No. 16979-02L.                Filed November 30, 2004.

Albert M. Kun, pro se.

<u>Rebecca S. Duewer</u> and <u>Paul R. Zamolo</u>, for respondent.

SUPPLEMENTAL MEMORANDUM OPINION

MARVEL, <u>Judge</u>:  On October 15, 2004, we received and filed
petitioner's motion to vacate or revise decision pursuant to Rule

---

    [*]This opinion supplements our previously filed opinion in
<u>Kun v. Commissioner</u>, T.C. Memo. 2004-209.

162.[1]  In his motion, petitioner moves that we vacate or revise

the decision that we entered on September 21, 2004, in accordance

with our Memorandum Opinion in <u>Kun v. Commissioner</u>, T.C. Memo.

2004-209 (Kun I).  In Kun I, we sustained respondent's

determination that the notice of Federal tax lien filing was an

appropriate enforcement action with respect to petitioner's 1995,

1996, 1997, 1998, and 1999 income tax liabilities.  In the

motion, petitioner alleged that "this Court had no chance to

consider the recent opinion of the United States Supreme Court in

<u>United States v. Galletti</u> (March 23, 2004) 124 S Ct Reporter

1548."  This Supplemental Memorandum Opinion addresses

petitioner's contention.

<u>Background</u>

We adopt the findings of fact in our prior Memorandum

Opinion, Kun I.  For convenience and clarity, we repeat below the

facts necessary for the disposition of this motion.

Petitioner timely filed Federal income tax returns for 1995

through 1999 but failed to pay the amounts shown as due on the

returns.  On May 3, 2001, respondent sent to petitioner a Notice

of Federal Tax Lien Filing and Your Right to a Hearing Under IRC

6320 for 1995 through 1999.  On June 4, 2001, petitioner mailed

to respondent Form 12153, Request for a Collection Due Process

---

[1]All Rule references are to the Tax Court Rules of Practice
and Procedure, and all section references are to the Internal
Revenue Code in effect at all relevant times.

Hearing, requesting a hearing with respect to all 5 taxable years. Petitioner's Form 12153 stated: "I believe this bill is incorrect. These taxes were never assessed."

On April 22, 2002, petitioner and his representative attended a hearing before Appeals Officer Serena Wong. At the hearing, petitioner contended that respondent had not assessed the income tax liabilities.

On October 11, 2002, the Appeals Office sent to petitioner a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 (notice of determination). In the notice of determination, the Appeals Office determined that petitioner's income tax liabilities were timely assessed, and the assessments were "properly based on established law, policy and procedure."

On October 30, 2002, petitioner's petition contesting respondent's determination was filed in this Court. In the petition, petitioner alleged that "the Internal Revenue Service abused its discretion in making the findings and conclusions it did and abused its discretion in rejecting petitioner's offer in compromise."

We held a trial in this case on October 22, 2003, at which petitioner testified. On September 20, 2004, we filed our Memorandum Opinion in Kun I in which we rejected petitioner's contention that the income tax liabilities had not been timely

assessed.  We pointed out that petitioner had not alleged any specific irregularity in the assessment procedure and that an Appeals officer may rely on a computer transcript or Form 4340, Certificate of Assessments, Payments, and Other Specified Matters, to verify that a valid assessment had been made.  After reviewing the computer transcripts of petitioner's accounts,[2] Appeals Officer Wong had concluded that "Assessments for all years appear correct and based on established law, policy and procedure."  We concluded in Kun I that the record contained "no credible evidence to contradict Appeals Officer Wong's conclusion", and we held that respondent had properly assessed petitioner's income tax liabilities.  On September 21, 2004, we entered our decision in accordance with our opinion in Kun I.

On October 15, 2004, petitioner's motion to vacate or revise opinion together with a memorandum of points and authorities and

---

[2]The parties stipulated to the admissibility of certified copies of Forms 4340, Certificate of Assessments, Payments and Other Specified Matters, with respect to petitioner's accounts for 1995-99.  The Forms 4340 show that petitioner's income tax returns were filed and the tax liabilities shown thereon were assessed on the following dates:

| Year | Date return filed | Date tax assessed |
|------|-------------------|-------------------|
| 1995 | 8/13/96 | 9/16/96 |
| 1996 | 8/18/97 | 9/15/97 |
| 1997 | 8/17/98 | 9/21/98 |
| 1998 | 8/16/99 | 9/20/99 |
| 1999 | 8/14/00 | 9/25/00 |

petitioner's declaration were filed.  In accordance with our order dated October 15, 2004, respondent submitted a response to petitioner's motion, which was filed on November 9, 2004.

### Discussion

Rule 162 authorizes a party to file a motion to vacate or revise a decision, with or without a new or further trial, within 30 days after the decision has been entered, unless the Court shall otherwise permit.  The disposition of a motion to vacate or revise a decision rests within this Court's discretion.  Vaughn v. Commissioner, 87 T.C. 164, 166-167 (1986).

Although Rule 162 does not articulate any standard by which we evaluate a motion to vacate decision, Rule 1(a) provides guidance on how to fill the gap:

> Where in any instance there is no applicable rule of procedure, the Court or the Judge before whom the matter is pending may prescribe the procedure, giving particular weight to the Federal Rules of Civil Procedure to the extent that they are suitably adaptable to govern the matter at hand.

We have often referred to rule 60 of the Federal Rules of Civil Procedure, and cases applying rule 60, to assist us in resolving issues raised in a motion to vacate decision under Rule 162. See, e.g., Cinema '84 v. Commissioner, 122 T.C. 264, 267-268 (2004) (involving a final decision); Estate of Miller v. Commissioner, T.C. Memo. 1994-25 (motion filed within 30 days of decision); Pietanza v. Commissioner, T.C. Memo. 1990-524 (motion filed within 30 days of order dismissing case for lack of

jurisdiction), affd. without published opinion 935 F.2d 1282 (3rd Cir. 1991).

Rule 60(a) of the Federal Rules of Civil Procedure provides that "Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders."  Rule 60(b) provides that, on motion and upon such terms as are just, a court may relieve a party of a final judgment or order for mistake, inadvertence, surprise, or excusable neglect, newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial, fraud, or any other reason justifying relief from the operation, or because the judgment is void, or has been satisfied, released or discharged.

In this case, petitioner's motion simply repeats his argument, made throughout the proceedings, that respondent did not timely assess the liabilities in question.  He relies upon an opinion of the United States Supreme Court in United States v. Galletti, 541 U.S. 114, 124 S. Ct. 1548 (2004), and specifically on language in the opinion to the effect that an assessment must be made within 3 years after the return was filed, sec. 6501(a), and "shall be made by recording the liability of the taxpayer in the office of the Secretary", sec. 6203.  See id. at ___, 124 S.

Ct. at 1552. Petitioner contends that "It is clear from the record that the Respondent failed to comply with this requirement. The assessment has not been reordered (sic) until September 11, 2003 well outside the 3 years requirement." As respondent points out in his response to petitioner's motion, however, petitioner does not state any basis for his belief. According to respondent, "the record before the Court indicates that Petitioner's 1995 through 1999 income tax liabilities were assessed within 3 years of Petitioner filing his tax returns."

Petitioner failed to present any evidence at trial in support of his contention that his 1995-99 income tax liabilities were not timely assessed, and that failure also infects his motion. We can find nothing in the record to support his allegation; in fact, the record demonstrates that the assessments in question were timely. Moreover, there is nothing in the Supreme Court's opinion in United States v. Galletti, supra, to suggest that our Memorandum Opinion in this case was in error or that our decision must be vacated.

Petitioner has not asserted sufficient grounds for vacating the decision, nor has he cited any opinion of any court that

would support his motion.  Consequently, we shall deny
petitioner's motion to vacate or revise the decision.

<u>An appropriate order</u>
<u>denying petitioner's motion to</u>
<u>vacate or revise decision will</u>
<u>be issued.</u>