

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-16-2007

# Pediatric Affiliates v. USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1979

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Pediatric Affiliates v. USA" (2007). *2007 Decisions.* Paper 1293.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1293

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 06-1979

PEDIATRIC AFFILIATES,

Appellant

v.

UNITED STATES OF AMERICA; DEPARTMENT OF THE TREASURY;
INTERNAL REVENUE SERVICE

Appeal from the United States District Court
for the District of New Jersey
(05-cv-03108)
District Court Judge: Hon. Mary Little Cooper

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 8, 2007

Before: McKEE, AMBRO, and FISHER
Circuit Judges.

(Opinion filed April 16, 2007)

OPINION

McKEE, Circuit Judge.

Pediatric Affiliates appeals the District Court's dismissal of the complaint

Pediatric Affiliates filed seeking a redetermination of its tax liability. For the reasons that

follow, we will affirm.

## I.

Because we write primarily for the parties, we need not recite the factual or procedural background in detail. Rather, we will only briefly summarize the relevant facts that are helpful to our discussion.

In 2002, the Internal Revenue Service ("IRS") first notified appellant that it had underpaid its payroll taxes for 1999 and part of 2000. After some investigation, appellant discovered that PAL Data Processing, Inc.; and PAL's founder, Menachem Hirsch, had misappropriated tax funds collected from appellant. Appellant had hired Hirsch and his company to service its payroll accounting. However, Hirsch instituted a scheme in which he underpaid the payroll taxes he forwarded to the IRS on behalf of appellant, and then pocketed the remaining funds. Hirsch was eventually prosecuted for this illegal scheme. He pled guilty to criminal fraud and tax evasion and was sentenced to 37 months' imprisonment and ordered to pay $841,959 in restitution to appellant.

When the IRS informed appellant that it intended to proceed against it for the payroll taxes that remained outstanding because of Hirsch's embezzlement, appellant sought administrative review. The IRS Office of Appeals issued a Notice of Determination that upheld the liability and appellant then filed this suit seeking review of the IRS Determination. The District Court dismissed the complaint, and this appeal followed.

## II.

2

Appellant argues that it should not be held liable for unpaid employment taxes and interest because: (1) it was not responsible for PAL's theft, and (2) if Hirsch was charged with a crime involving a tax loss, Pediatric should be credited with the amount of that loss attributable to the crime committed against it.

Appellant's arguments require little discussion given the well-established principle that a taxpayer's reliance on a third party to fulfill its tax obligations does not relieve the taxpayer of responsibility for those obligations. *See United States v. Boyle*, 469 U.S. 241, 252 (1985) (the timely filing of returns and the payment of taxes are solely the duties of the taxpayer and are not delegable). Appellant concedes that it was required to collect and pay over employment taxes to the government under the Internal Revenue Code. An employer is liable for payment of taxes that must be deducted and withheld from its employees' income. 26 U.S.C.A. § 3403. Misappropriation of funds by a third party does not relieve an employer of that obligation. *See Morin v. Frontier Business Technologies, Inc.*, 288 B.R. 663, 674 (noting that, when payroll services provider misappropriated funds it had received from its clients for payment of their payroll taxes, the clients owed the unpaid taxes to the IRS); *see also United States v. Galletti*, 541 U.S. 114, 121 (2004) ("[W]hen an employer fails to withhold and submit the requisite amount of employment taxes, § 3403 makes clear that the liable taxpayer is the employer."). Although the IRS may, in certain circumstances, abate a penalty for failure to make timely payment, the abatement does not extend to the unpaid tax principal. *See* I.R.C. §

3

6404(e)(1) (codified at 26 U.S.C.A. § 6404).

Pediatric argues that it should not be liable for interest on the unpaid tax liability because the IRS held the case in abeyance pending the resolution of the criminal prosecution. The IRS may abate interest on a tax deficiency if the interest is attributable to unreasonable error or delay by an officer or employee of the Service in performing a ministerial or managerial act. I.R.C. § 6404(e)(1). However, delay or error is not a ground for abatement if it is attributable to the taxpayer. *Id.* We can not say that it was unreasonable for the IRS to refrain from collecting appellant's outstanding tax delinquency until the prosecution of PAL and Hirsch was resolved. Moreover, nothing prevented appellant from paying the delinquency in the interim, and thereby mitigating the penalties that continued to accrue.

Appellant also relies on principles of judicial estoppel. That is an equitable principle intended to prevent one party from asserting an "inconsistent or mutually contradictory position with respect to the same matter in the same or a successive series of suits." *Scarano v. Central R.R.*, 203 F.2d 510, 513 (3d Cir. 1953). "It is not intended to eliminate all inconsistencies, however slight or inadvertent; rather, it is designed to prevent litigants from 'playing fast and loose with the courts.'" *Ryan Operations G.P. v. Santiam-Midwest Lumber Co.*, 81 F.3d 355, 358 (3d Cir. 1996) (quoting *Scarano*, 203 F.2d at 513). The doctrine is not implicated here.

The government's position in the criminal prosecution was not irreconcilably

4

inconsistent with the position it took during proceedings related to appellant's tax delinquency. As noted above, appellant is liable for employment taxes regardless of whether an intermediary misappropriated funds collected to pay that obligation. Moreover, the government is entitled both to criminally prosecute Hirsch for attempting to defeat a tax obligation—his own or someone else's – and also collect the delinquent taxes that appellant owed because of Hirsch's embezzlement. *See* I.R.C. § 7201.

Similarly, no estoppel arises from oral statements the Appeals Officer made during the administrative hearing. To prevail on a traditional estoppel defense, the record must establish reasonable reliance on a misrepresentation to a party's detriment. *See Heckler v. Community Health Services of Crawford County Inc.*, 467 U.S. 51, 59 (1984). However, more is required to find an estoppel against the government. When the government is involved, the party claiming estoppel must establish "affirmative misconduct or rare or extreme circumstances." *See United States v. Pepperman*, 976 F.2d 123, 131 (3d Cir. 1992). Here, appellant rests its estoppel claim on the Appeals Officer's oral statement that appellant should not be held responsible for money, interest or penalties that were stolen by Hirsch. That oral expression of opinion simply does not rise to the level of an estoppel. *See Heckler*, 467 U.S. at 65 (1984) (estoppel cannot be erected on the basis of oral advice); *United States v. St. John's Gen. Hosp.*, 875 F.2d 1064, 1070 (3d Cir. 1989) (no estoppel where alleged misrepresentation was based on inadmissible hearsay, not written correspondence). Moreover, appellant was represented

5

by counsel and therefore, its "failure to decipher the Tax Code cannot be excused by its reliance on a government employee's error." *Estate of Kunze v. Commissioner of Internal Revenue*, 233 F.3d 948, 952 (7th Cir. 2000).

### III.

For the foregoing reasons, we will affirm the district court's order dismissing appellant's complaint.