**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 02 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: WENDY K. PITTS,<br><br>      Debtor,<br><br>――――――――――――――<br><br>WENDY K. PITTS, faw DIR Water Proofing and Wadsworth General Contracting faw Wadsworth Glazing Inc.,<br><br>      Appellant,<br><br>  v.<br><br>UNITED STATES OF AMERICA,<br><br>      Appellee. | No.   14-56502<br><br>D.C. No. 5:13-cv-02099-ODW<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Otis D. Wright II, District Judge, Presiding

Submitted August 31, 2016**
Pasadena, California

Before: SILVERMAN, FISHER, and WATFORD, Circuit Judges.

―――――――――――

    \*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    \*\*    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Wendy Pitts appeals the district court's judgment, affirming the bankruptcy court, in Pitts's adversary proceeding seeking to discharge federal tax liens. We review the district court's decision on appeal from a bankruptcy court de novo, and we affirm. *Barrientos v. Wells Fargo Bank, N.A.*, 633 F.3d 1186, 1188 (9th Cir. 2011).

Pitts was a general partner in D I R Waterproofing, and the United States liened Pitts's personal property after DIR failed to pay trust fund and employment taxes assessed against DIR. Pitts concedes that, as a general partner, she is liable for the partnership's debts under state law. She argues, however, that the United States may not use administrative enforcement procedures against her – instead, because her liability arises from state partnership law, the United States is confined to remedies under state law. We disagree.

First, pursuant to the plain language of 26 U.S.C. § 6321, Pitts is a "person liable to pay any tax," and a lien in favor of the government arises by operation of federal law. *See In re Crockett*, 150 F .Supp. 352, 354 (N.D. Cal. 1957) (California partner was liable for debts of partnership under state law; accordingly, partner was liable for entire amount of partnership's employment taxes, and was "person liable to pay" under § 6321's identically worded predecessor); *see also Bresson v. C.I.R.*, 213 F.3d 1173, 1178 (9th Cir. 2000) (where the IRS relied on

state law to establish an individual's liability, "the government's underlying right to collect money in this case clearly derives from the operation of federal law (i.e., the Internal Revenue Code)").

Second, the United States may utilize administrative enforcement procedures to collect the debt from Pitts, because she is secondarily liable for DIR's assessed debt. *See United States v. Galletti*, 541 U.S. 114, 122 (2004) ("After the amount of liability has been established and recorded, the IRS can employ administrative enforcement methods to collect the tax"). The United States is not obligated to make a second assessment against Pitts individually, because the consequences of its assessment attach to the assessed debt "without reference to the special circumstances of the secondarily liable parties." *Id.* at 123.

Pitts next argues that the United States is bound by the state's statute of limitation in its efforts to collect DIR's debt from her. Again, we disagree.

The United States is not subject to a state statute of limitations when it attempts to enforce a claim created by federal statute and proceeds in its sovereign capacity to enforce that claim. *Bresson*, 213 F.3d at 1177. Here, the United States' right to collect money in this case derives from the operation of federal law – namely, the Internal Revenue Code. *Id.* at 1178. Also, the United States unquestionably acts in its sovereign capacity when it attempts to collect taxes. *Id.*

3

Finally, Pitts argues that the taxes are dischargeable in her chapter 7 bankruptcy proceeding, and that the United States's continuing lien violates the discharge injunction contained in 11 U.S.C. § 524(a)(2), again because she contends that the underlying obligations are not federal taxes, but instead are state law partnership debts. For the reasons stated above, we again disagree.

We do not reach Pitts's argument that she is entitled to an Article III adjudication of her status as a partner, because she did not raise this argument below. We note that, before the bankruptcy court, she conceded her status as a general partner in the parties' joint statement of stipulated facts, and in her second amended complaint.

**AFFIRMED.**