# United States Tax Court

T.C. Summary Opinion 2024-14

ABHISHEK BACHCHAN AND GITIKA GUPTA,
Petitioners

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

————————

Docket No. 23415-21S.                                    Filed July 16, 2024.

————————

Abhishek Bachchan and Gitika Gupta, pro sese.

*Lesley A. Hale*, *Melody Morales*, and *Heather L. Wolfe*, for respondent.


## SUMMARY OPINION

SIEGEL, *Special Trial Judge*:  This case was heard pursuant to the provisions of section 7463[1] of the Internal Revenue Code in effect when the Petition was filed.  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this Opinion shall not be treated as precedent for any other case.

Respondent determined a deficiency of $5,931 in petitioners' 2015 federal income tax, a section 6662(a) accuracy-related penalty of $1,186.20, and a section 6651(a) addition to tax for failure to timely file of $1,295.25.  Respondent has since conceded the section 6662(a) penalty.  The following issues remain for decision:

---

[1] Unless otherwise indicated, statutory references are to the Internal Revenue Code, Title 26 U.S.C., in effect at all relevant times, regulation references are to the *Code of Federal Regulations*, Title 26 (Treas. Reg.), in effect at all relevant times, and Rule references are to the Tax Court Rules of Practice and Procedure.

(1) Whether the period of limitations has run on respondent's authority to assess a deficiency in petitioners' 2015 federal income tax. We hold that it has not.

(2) Whether petitioners are entitled to deduct the "unreimbursed employee expenses" reported on their 2015 federal income tax return. We hold that they are not.

(3) Whether petitioners are liable for an addition to tax for failure to timely file their 2015 federal income tax return. We hold that they are.

*Background*

Some of the facts have been stipulated, and they are so found. We incorporate by reference the parties' Stipulation of Facts and accompanying Exhibits.

Petitioners Abhishek Bachchan[2] and Gitika Gupta timely filed a Petition to commence this case on June 28, 2021, while living in California. During the year at issue, however, they lived in New York in a two-bedroom apartment with their then-toddler son.

In 2015 Gupta was finishing a medical residency program and looking for a job as a physician. She conducted an expansive job search, during which she incurred expenses, including those related to her medical licensing.

Petitioner worked in information technology as a senior compliance specialist for Merck & Co., Inc. He worked remotely—a relative novelty in 2015—from one of the bedrooms in the apartment that he used as an office. He worked from home rather than on site because he wanted to be closer to the hospital where his wife was working.

Sometimes petitioner went to local Merck sites in New York, New Jersey, and Pennsylvania. To the extent he had to travel further afield, Merck paid for his travel. Travel accounted for about ten percent of

---

[2] References to petitioner in the singular are to Abhishek Bachchan. Gitika Gupta will be dismissed for lack of prosecution because she did not appear at trial and did not sign the Stipulation of Facts. *See* Rule 123(b). The decision to be entered will be consistent with respect to them both and will take into account the resolution of all of the issues under consideration. *See* § 6013(d)(3); *Butler v. Commissioner*, 114 T.C. 276, 282 (2000).

petitioner's job. Merck did not reimburse petitioner for local travel expenses, nor did the company provide him with a subsidy for maintaining a home office. Petitioner did not seek reimbursement from Merck for either his local travel or his office expenses.

Pursuant to an extension of time to file, petitioners' 2015 federal income tax return was due on October 17, 2016. They filed their 2015 Form 1040, U.S. Individual Income Tax Return (return), on April 10, 2018.

On the Schedule A, Itemized Deductions, accompanying that return, petitioners claimed $36,671 of "Job Expenses and Certain Miscellaneous Deductions" (miscellaneous deductions). They also provided Form 2106, Employee Business Expenses, for petitioner and Form 2106–EZ, Unreimbursed Employee Business Expenses, for Gupta, in support of that amount.

Petitioner's Form 2106 reported $22,421 in expenses. There were vehicle expenses listed, and the Form 2106 shows a checked "No" box in response to the question "Do you have evidence to support your deduction?" Also reported on the Form 2106 were travel expenses and "Other business expenses." "Other business expenses" included expenses related to petitioner's home office, the purchase of a mobile phone, mobile phone service, and cable/internet service.

Gupta's expenses on her Form 2106–EZ showed nonovernight travel, overnight travel, and "Other business expenses," all totaling $14,250.

Respondent issued a Notice of Deficiency to petitioners on March 23, 2021 (notice), disallowing the miscellaneous deductions. Petitioners timely filed a Petition in response to the notice, explaining that they felt they had substantiated at least some of the expenses underlying the deductions, particularly with respect to petitioner's home office expenses and Gupta's licensing fees.

After filing their Petition, petitioners contacted the Taxpayer Advocate Service for assistance. In trying to straighten out an issue for a tax year not before us, petitioner concluded that the Internal Revenue Service may have missed the deadline to assess any deficiency stemming from petitioners' 2015 return. Specifically, petitioner was under the impression that, but for his filing of the Petition, tax year 2015 would not be an open issue at all.

*Discussion*

I.   *Statute of Limitations*

Petitioner contends that the period of limitations for 2015 "expired in April of 2021." Because there was no assessment recorded by then, he asserts that it is too late to record one now. Petitioner misunderstands the process.

As a general rule, an income tax assessment must be made within three years after a return is filed. *See* § 6501(a); *United States v. Galletti*, 541 U.S. 114, 116 (2004); *Sadek v. Commissioner*, T.C. Memo. 2018-174, at *11 n.4. Because petitioners filed their 2015 federal income tax return on April 10, 2018, the three-year period would not have ended until April 10, 2021. Thus, the period was open on March 23, 2021, when the notice was issued.

The mailing of the notice to petitioners tolled the running of the period of limitations. *See* § 6213(a). The tolling keeps the period open at least until the time for filing a petition has ended. *Id.*; *see also* § 6503(a)(1). Petitioner is correct in that, had petitioners not filed a petition, the deficiency should have been assessed in 2021.

Where, as here, a proceeding is docketed in this Court, the period is further extended until 60 days after the Court's decision becomes final. § 6503(a)(1). Because no decision has yet been entered in this case, the period remains open.

In other words, the time within which respondent may assess a deficiency stemming from petitioners' 2015 return was first paused by the mailing of the notice and has now been extended by this case. It has not yet expired, and petitioner's assertion otherwise is inaccurate.

II.   *Miscellaneous Deductions*

In general, the Commissioner's determinations in a notice of deficiency are presumed correct, and the taxpayer bears the burden of showing that those determinations are erroneous.[3] Rule 142(a); *INDOPCO, Inc. v. Commissioner*, 503 U.S. 79, 84 (1992); *Welch v. Helvering*, 290 U.S. 111, 115 (1933). This burden requires the taxpayer

---

[3] Petitioners do not claim, and the record does not otherwise demonstrate, that the provisions of section 7491(a) are applicable here, and we proceed as though they are not.

to substantiate expenses underlying deductions claimed by keeping and producing adequate records that enable the Commissioner to determine the taxpayer's correct tax liability. § 6001; *Hradesky v. Commissioner*, 65 T.C. 87, 89–90 (1975), *aff'd per curiam*, 540 F.2d 821 (5th Cir. 1976); *Meneguzzo v. Commissioner*, 43 T.C. 824, 831–32 (1965). A taxpayer claiming a deduction on a federal income tax return must demonstrate that the deduction is allowable pursuant to some statutory provision and must further substantiate that the expense to which the deduction relates has been paid or incurred. *See* § 6001; *Hradesky*, 65 T.C. at 89–90; Treas. Reg. § 1.6001-1(a).

Taxpayers may deduct ordinary and necessary expenses paid in connection with operating a trade or business. § 162(a); *Boyd v. Commissioner*, 122 T.C. 305, 313 (2004). An ordinary expense is one that arises from a transaction that commonly or frequently occurs in the taxpayer's business, *Deputy v. Du Pont*, 308 U.S. 488, 495 (1940), and a necessary expense is one that is appropriate and helpful in carrying on the taxpayer's business, *Commissioner v. Heininger*, 320 U.S. 467, 471 (1943); *see* Treas. Reg. § 1.162-1(a).

A taxpayer's "trade or business" can include the "trade or business" of being an employee. *Humphrey v. Commissioner*, T.C. Memo. 2017-78, at *7 (citing *O'Malley v. Commissioner*, 91 T.C. 352, 363–64 (1988)); *see also Primuth v. Commissioner*, 54 T.C. 374, 377 (1970). If, as a condition of employment, an employee is required to incur certain expenses, they are entitled to deduct those expenses, unless they are entitled to reimbursement from their employer. *See Fountain v. Commissioner*, 59 T.C. 696, 708 (1973); *Spielbauer v. Commissioner*, T.C. Memo. 1998-80.

An employee may not deduct expenses where they were entitled to reimbursement from their employer but failed to claim it. *Orvis v. Commissioner*, 788 F.2d 1406, 1408 (9th Cir. 1986), *aff'g* T.C. Memo. 1984-533; *Humphrey*, T.C. Memo. 2017-78, at *7. Because taxpayers bear the burden of proving their entitlement to any deduction, taxpayers must also prove that they are not entitled to reimbursement from their employer to claim deductions for employee business expenses. *Podems v. Commissioner*, 24 T.C. 21, 23 (1955); *Humphrey*, T.C. Memo. 2017-78, at *7; *Benson v. Commissioner*, T.C. Memo. 2007-113; *Putnam v. Commissioner*, T.C. Memo. 1998-285.

Petitioner made clear that he did not seek reimbursement from Merck for his local travel and home office expenses. However, it is not

clear whether petitioner was entitled to reimbursement from his employer and simply did not request it. Petitioner testified that he never inquired about his employer's reimbursement policy, and none appears in the record. In the absence of any information on what Merck might have reimbursed, petitioner has not met his burden.

Even if he had, section 280A(a) generally provides that no deduction shall be allowed for a home office unless certain requirements are met; one of the requirements is that the home office be kept for the convenience of the employer. *See* § 280A(c)(1) (flush language). An employee's home office cannot be kept "for the convenience of the employer" if it is kept for the employee's personal convenience, comfort, or economic benefit. *Parker v. Commissioner*, T.C. Memo. 2021-111, at \*16 (citing *Hamacher v. Commissioner*, 94 T.C. 348, 358 (1990)). Petitioner made special arrangements with his employer to work from home so that he could remain close to Gupta as she finished her medical training. Any expense related to using the second bedroom as a workspace is not deductible under section 280A because it was not for the convenience of his employer.

Even if the Court had found that deductions for petitioner's unreimbursed employee business expenses and a home office were otherwise allowable in this case, petitioner did not establish the amounts or business purposes of the miscellaneous deductions claimed on petitioners' return. The same is true for Gupta's expenses.

Certain deductions, such as those for expenses attributable to travel ("including meals and lodging while away from home") and the use of "listed property" (as defined in section 280F(d)(4), including passenger automobiles), if otherwise allowable, are subject to strict rules of substantiation. *See* § 274(d); *Sanford v. Commissioner*, 50 T.C. 823, 827 (1968), *aff'd per curiam*, 412 F.2d 201 (2d Cir. 1969); Temp. Treas. Reg. § 1.274-5T(a). The taxpayer must adequately substantiate the amount of the expense, the time and place the expense was incurred, and the business purpose of the expense. *See* § 274(d); Temp. Treas. Reg. § 1.274-5T(b)(6).

Substantiation by adequate records requires the taxpayer to maintain an account book, a diary, a log, a statement of expense, trip sheets, or a similar record prepared contemporaneously with the expenditure and documentary evidence (e.g., receipts or bills) of certain expenditures. Treas. Reg. § 1.274-5(c)(2)(iii); Temp. Treas. Reg. § 1.274-5T(c)(2). Substantiation by other sufficient evidence requires the

production of corroborative evidence supporting the taxpayer's statement detailing the required elements. Temp. Treas. Reg. § 1.274-5T(c)(3). Petitioner provided none of that. For example, although we know from the record that Merck required petitioner to travel ten percent of the time, petitioner provided no information on any of his trips, even the local ones for which he claimed the deductions at issue here. Similarly, petitioner testified that Gupta flew all over the country for her job search, but he was unable to provide any information detailing when or where interviews took place.

Other expenses, such as internet service, are not subject to such strict substantiation requirements. For these other expenses, if a taxpayer provides sufficient evidence that the taxpayer has incurred a trade or business expense contemplated by section 162(a), but is unable to adequately substantiate the amount, the Court may estimate the amount and allow a deduction. *Cohan v. Commissioner*, 39 F.2d 540, 543–44 (2d Cir. 1930); *see also Wash. Mut., Inc. v. United States*, 856 F.3d 711, 725–26 (9th Cir. 2017); *Sparkman v. Commissioner*, 509 F.3d 1149, 1160 (9th Cir. 2007), *aff'g* T.C. Memo. 2005-136. For the Court to estimate the amount of an expense, however, there must be some basis upon which an estimate may be made. *Vanicek v. Commissioner*, 85 T.C. 731, 742–43 (1985). Petitioner testified about the types of expenses petitioners had—home office expenses, Gupta's licensing, etc.—but his generalized testimony without amounts or details provides no basis for allowing a deduction for any expense, even under a more relaxed standard of estimating. For example, to the extent petitioner provided an amount of the expenditure, such as for phone and internet services, he gave us no way to estimate what percentage of that amount should be attributed to business purposes rather than to personal use.

For all the reasons discussed above, petitioners are not entitled to deduct the $37,147 of miscellaneous expenses shown on their 2015 return.

III.    *Failure to File a Timely Return*

Section 6651(a)(1) provides for an addition to tax for failure to file a timely return unless the taxpayer establishes that such failure is due to reasonable cause and is not due to willful neglect. *See United States v. Boyle*, 469 U.S. 241, 245 (1985); *Harris v. Commissioner*, T.C. Memo. 1998-332.

The Commissioner bears the burden of production with respect to the imposition of this addition to tax. *See* § 7491(c); *Higbee v. Commissioner*, 116 T.C. 438, 446–47 (2001). If he meets this burden, the taxpayer then bears the burden of proving that the addition to tax does not apply. *Higbee*, 116 T.C. at 447. Respondent's records demonstrate that petitioners' return was not timely filed, and petitioners stipulated that point. Respondent's section 7491(c) burden of production has been met with respect to the imposition of the section 6651(a)(1) addition to tax.

Petitioner explained that the untimely filing of petitioners' 2015 return was due to the death of his father in April 2016. But even though petitioners received a filing extension until October 17, 2016, the return was not filed until April 10, 2018.

We understand how family deaths can disrupt or interfere with obligations and that everything might have been "very low priority" for petitioner after his father passed. But the length of time between petitioner's father's passing and the filing of the return suggests that one was not the cause of the other. As we noted in *Wilkinson v. Commissioner*, T.C. Memo. 1997-410, slip op. at 18, "a taxpayer's selective inability to meet his or her tax obligations when he or she can carry on normal activities does not excuse a late filing."

Because petitioners did not meet their burden to establish that their failure to timely file their return was due to reasonable cause, respondent's determination of the section 6651(a)(1) addition to tax is sustained.

To reflect the foregoing,

*Decision will be entered for respondent with respect to the deficiency and the addition to tax, and for petitioners with respect to the section 6662(a) penalty.*